AXEL CHYTRAUS

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa October 11, 1895—Rehearing denied March 10, 1896.*

1. PUBLIC IMPROVEMENTS—*ordinance need not state improvement is within city.* Failure of an ordinance for a street improvement to expressly state that the street at the place of the proposed improvement is within the city, is not fatal, as this will be presumed.

2. SAME—*failure to specify the section of land is not fatal.* Uncertainty in the specification of the section of land in which a proposed improvement is to be made is immaterial, if the ordinance itself in other ways sufficiently specifies the locality.

3. EVIDENCE—*what competent by city in special assessment.* Evidence in contradiction of the evidence offered by an objector to the confirmation of a special assessment may be allowed, even if it is not strictly evidence in rebuttal, but is cumulative to the *prima facie* case made by the city in the first instance.

4. SAME—*number of witnesses does not determine weight.* The number of witnesses testifying on either side of a disputed question does not necessarily determine the weight of evidence.

5. APPEALS AND ERRORS—*probative force of commissioners' report considered on appeal.* The probative force of the report of commissioners to make an assessment, and also of the actual view of the premises taken by the court under agreement of the parties, should be considered in determining the sufficiency of the evidence to sustain the assessment.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

CHYTRAUS & DENEEN, for appellant.

WILLIS E. THORNE, (HARRY RUBENS, of counsel,) for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

Axel Chytraus, the appellant, is owner of block 1 in Equitable Trust Company's subdivision of sections 20 and 21, township 40, range 14, and the block extends south from Graceland avenue, along the east line of Pine Grove avenue, for a distance of 380.25 feet, to a point where it abuts upon the north line of block 1 in Peleg Hall's addition to Chicago. These two blocks 1 are contiguous, no street or alley intervening. South from this point or line of contact, and 180.2 feet distant, is the street known as Sheridan Drive. Pine Grove avenue in Equitable Trust Company's subdivision is 80 feet wide, while the same avenue in Peleg Hall's addition is only 66 feet wide. The result is, that in Pine Grove avenue, between Graceland avenue and Sheridan Drive, and upon the line of contact between the two blocks 1, there is a jog or projection of 14 feet. The city of Chicago passed an ordinance for widening Pine Grove avenue between Graceland avenue and Sheridan Drive by condemning therefor the west 14 feet of lot 12, block 1, of Peleg Hall's addition, the improvement to be paid for by special assessment. Such proceedings were thereupon had as that the commissioners appointed under and by virtue of the supplemental petition that was filed in the court, made and returned an assessment of $2386.25 for special benefits upon block 1 in Equitable Trust Company's subdivision, owned by appellant. Appellant interposed written objections to the confirmation of the assessment upon his property, and by agreement of parties a jury was waived, and all the issues raised by the objections were submitted to the decision of the judge, without the intervention of a jury. The evidence in regard to the matter of benefits was thereupon heard by the court, and

by agreement of the parties the court viewed the premises, and thereupon the court reduced the assessment upon the property of appellant to $2000, and rendered judgment of confirmation for that amount.

Brief disposition may be made of the several questions raised upon this appeal. Although the ordinance providing for the improvement fails to state in express terms that Pine Grove avenue, at the place of the proposed improvement, is within the territorial limits of the city of Chicago, yet the presumption must be that it is so located. *Stanton* v. *City of Chicago*, 154 Ill. 23; *Meadowcroft* v. *People ex rel.* id. 416.

It is objected that the ordinance is uncertain and vague, and fails to specify the locality of the proposed improvement, in that it uses the description, "in N. W. ¼ of frl. ¼ section 21, 40, 14," without specifying which fractional quarter of the section. If it be conceded that this description is faulty because it does not designate the particular fractional quarter, then it may be stricken out and regarded as mere surplusage, and still leave an amply sufficient specification of the locality of the improvement. There are still left in the ordinance the words and figures, "the west 14 feet of lot 12, block 1, of Peleg Hall's addition to Chicago," and the references to "Pine Grove avenue," "Graceland avenue" and "Byron street," and to "the plan hereto annexed." Even without aid from the plan annexed to the ordinance and filed with it in the city clerk's office, the ordinance itself sufficiently specifies the locality of the contemplated improvement, and the plan locates the improvement with precision and accuracy.

At the hearing of the objections the city made out a *prima facie* case by introducing in evidence the ordinance, assessment roll and verdict in the original condemnation proceeding, and rested. Appellant then introduced his testimony tending to impeach the correctness of the assessment made by the commissioners. The court then

permitted the city, over the objections of appellant, to introduce testimony in contradiction of the testimony given by the witnesses for appellant.  It is urged that this testimony last adduced by the city was not evidence in rebuttal, but mere cumulative evidence, and that it was error in the court to allow its introduction.  The course that was pursued at the hearing of the objections was that which has long, and perhaps uniformly, prevailed in the courts of this State, and it is probably the practice that is most convenient and expeditious and conducive to justice.  A general objection filed that the assessment is in excess of benefits, or more than the relative proportion chargeable against the property of the objector, gives the municipality but little, if any, notice of either the theory or the facts upon which the objector relies.  In our opinion there was no error in the rulings upon the admission of testimony.

It is claimed that the preponderance of the evidence is, that the benefit to block 1 of Equitable Trust Company's subdivision, by reason of the proposed improvement, amounts to less than $300.  As is usually the case, the evidence upon the question of benefits is very conflicting.  A larger number of witnesses testified in favor of the view in regard to benefits that is relied on by appellant, than testified in favor of the view upon which the city relies.  But that fact does not necessarily determine the weight of the evidence.  And besides this, there is to be added to the testimony given by the witnesses produced by the city, the probative force of the report of the commissioners, which the statute makes competent evidence, and also the probative force of the actual view of the location and premises that, by agreement of parties, was taken by the court.  Upon the whole, we are unable to say that the court, in its findings and judgment, reached a wrong conclusion.

We find no error in the record.  The judgment of confirmation is affirmed.  *Judgment affirmed.*