L. A. CHURCH *et al.*

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Opinion filed April 17, 1899.*

1. SPECIAL ASSESSMENTS—*location of sewer outlet is largely discretionary with city.* Where a proposed sewer shall have its outlet is to be determined by the city from a consideration of the circumstances, including the conformation of the surface and the location of existing sewers, and its determination will not be disturbed by the courts except to correct a clear abuse of discretion.

2. SAME—*when sewer ordinance does not create a double improvement.* That a sewer ordinance provides an outlet at a point where the sewer is bisected by another sewer does not create that part of the sewer in each direction from the outlet a separate and distinct line, so as to constitute a double improvement.

3. SAME—*effect of deviation in laying a sewer.* Deviation from the exact line provided in the ordinance for a sewer requires proof by the People, on application for judgment of sale, that the deviation worked no injury to property of objectors, and that the sewer as constructed is as beneficial as if it had been laid in literal compliance with the ordinance. (*Church* v. *People,* 174 Ill. 366, followed.)

4. The court construes the ordinance in question, and holds that it sufficiently indicates the point at which the size of the sewer provided for shall be decreased.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

STRICKLER & KNIGHT, for appellants.

F. W. PRINGLE, (JOHN A. MAY, and HORACE S. OAKLEY, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from a judgment entered in the county court of Cook county against the property of the appellants on the application of the county collector for a judgment for a delinquent second installment of a special assessment levied by the town of Cicero to pay for a

pipe sewer to be laid in South boulevard, from Franklin to Park avenue. The avenues intersecting South boulevard within the limits of the improvement, proceeding eastward, are Franklin, Prairie, Waller and Park. The proposed pipe sewer would intersect a brick sewer which had been previously constructed in Prairie avenue, running north and south in said Prairie avenue. The ordinance provided the pipe sewer contemplated to be laid should connect with this brick sewer in Prairie avenue in such manner as that the contents thereof should be brought from the east and from the west and discharged therein.

It is first urged that part of the line of pipe sewers west of Prairie avenue is a separate and distinct improvement from the part east of Prairie avenue, and that the ordinance is void in that it provides for two separate improvements. The extent of an improvement and what shall be included within it rests in the legislative discretion of the city council, and the courts will interfere only to correct a clear abuse of the discretion. (*Davis* v. *City of Litchfield,* 145 Ill. 313.) If it appears an ordinance provides for two separate and distinct improvements, the making of one of which could not reasonably be said to benefit property situated upon the other, the combination of the improvements would be regarded as a clear abuse of such discretion. Where the pipe sewer proposed to be constructed by the ordinance here involved should have its outlet was necessarily to be determined by the city council, and that involved consideration of the conformation of the surface of the ground and the location of existing sewers. If the ordinance under consideration had provided the pipe sewers should be so laid as to discharge their contents at either proposed end thereof, no reasonable ground would exist to justify a contention the whole line of the pipe sewers was not a single improvement. The mere fact it was deemed best to order the pipe sewers to be so laid as that the contents thereof would

be discharged at an intermediate point did not convert the line of pipe sewers into separate lines. The improvement contemplated but a single line of pipe sewers in South boulevard, and it was entirely within the power of the city council to provide such outlet or outlets as the conformation of the surface of the ground, the location of the existing means of drainage, and perhaps other circumstances, should dictate. The principle involved is declared in *City of Springfield* v. *Green*, 120 Ill. 269, *Murphy* v. *City of Peoria*, 119 id. 509, *Wilbur* v. *City of Springfield*, 123 id. 395, *Davis* v. *City of Litchfield*, *supra, Payne* v. *Village of South Springfield*, 161 Ill. 285, and *Walker* v. *People*, 170 id. 410.

The ordinance provided the pipe sewer to be laid in South boulevard east of Prairie avenue should have an internal diameter of fifteen inches from its connection with the brick sewer in Prairie avenue eastward to a point ten feet west of the center line of Waller avenue, and from that point to the eastern terminus should have an internal diameter of twelve inches, and that it should be laid on a line parallel with and twenty-one feet north of the south line of the said South boulevard. It appeared there is a jog in Waller avenue, and that that part of said avenue north of the boulevard intersects the boulevard one hundred and seventy-five feet east of that part of the avenue south of the boulevard. It is urged the description and locality of the improvement are not sufficiently set forth in the ordinance, in that it is wholly uncertain whether pipe sewers having an internal diameter of fifteen inches shall be laid to a point ten feet west of the center line of Waller avenue at the entrance of that avenue upon the south side of the boulevard, or shall continue to a point ten feet west of the center of Waller avenue at its entrance upon the north side of the boulevard. While it must be conceded the description is not such as to be commended, yet we think it is not so uncertain as to render the ordinance void. The direction of the ordinance is, the sewer shall be laid eastward from

Prairie avenue on a line parallel with and twenty-one feet north of-the south line of South boulevard. The south line of the boulevard is selected as a base from which to indicate the location of the pipe sewer. This base line touches and crosses that part of Waller avenue which enters the boulevard from the south and does not touch or in any way reach that part of Waller avenue which connects with the boulevard upon the north side thereof. The center of Waller avenue mentioned in the ordinance is, therefore, very clearly the center of that part of said avenue which is bisected by the said base line, to-wit, the south line of South boulevard.

It was admitted upon the hearing in the county court that the line of pipe sewers in question had not been built on a line twenty-one feet north of the south line of the said South boulevard, but had been laid five feet nearer said south line, and it is urged the improvement was not constructed in accordance with the ordinance, and that for that reason the special assessments provided for by the ordinance cannot be collected. This objection as to this improvement and this ordinance was presented to this court in *Church* v. *People ex rel.* 174 Ill. 366, and we held that whether the deviation in the line of the sewers was a substantial and material change in the location was a question of fact, and "it became essential to the right of appellee to recover a judgment for special assessments levied to defray the cost of putting in the sewer, to show that, though not upon the exact line specified in the ordinance, the locality of the completed sewer was substantially the location established by the ordinance, and that the deviation from the exact line had not operated to the injury of the property owners against whose property judgments were sought, and that the sewer, as constructed, is not less beneficial to their property than a sewer located in literal compliance with the terms of the ordinance." We need not elaborate the point, for in the opinion in the case cited all is said upon it

necessary to be said.   The record in that case and this, so far as this objection goes, is the same.

In the absence of proof that the location of the line of pipe sewers as laid in the boulevard conforms substantially to the requirements of the ordinance, the judgment must be reversed and the cause ordered to be remanded.

*Reversed and remanded.*