THE CITY OF CARBONDALE, Appellee, *vs.* ELIZABETH
WALKER *et al.* Appellants.

*Opinion filed April 23, 1909.*

1. SPECIAL ASSESSMENTS—*estimate need not contain specific de-
scription of various materials required.* The statute requires the
engineer's estimate to be itemized to the satisfaction of the board
of local improvements, and it is sufficient if from an examination
thereof there is no difficulty in ascertaining what work or material
is covered by each item.

2. SAME—*effect where public hearing is adjourned to a larger .
room.* Where the board of local improvements meets at the time
and place specified in the notice of public hearing, the fact that the
meeting is then adjourned to another place in order to accommodate
the large attendance of people does not invalidate the proceeding. ·

3. SAME—*new resolution need not be transcribed at once upon
records of board.* Where the board of local improvements, at the
conclusion of the public hearing, adopts a new resolution adhering
to the original resolution with certain specified changes, and the
fact of the adoption of the new resolution is shown on the records
of the board, the new resolution need not "at once be transcribed
into the records," as is required of the original resolution, and it
is sufficient if it is spread upon the record, by way of amendment
of the minutes, at the next meeting.

4. SAME—*provision for sending notice of passage of ordinance
applies only to sidewalk ordinances.* The provision of section 34
of the Local Improvement act, (Hurd's Stat. 1908, p. 430,) requir-
ing notice of the passage of an ordinance to be sent, applies only
to ordinances providing for the building or renewing of sidewalks.
(*Gage* v. *Chicago,* 225 Ill. 218, explained.)

5. SAME—*when provision for establishing a sewer district does
not apply.* Section 39 of the Local Improvement act, (Hurd's Stat.
1908, p. 431,) providing that when the proposed improvement is a
sewer the officer who spreads the assessment shall investigate and
report the district which will be benefited by such proposed sewer,
describing the same by boundaries, does not apply to a paving ordi-
nance providing for the laying of sewer pipes to drain the surface
of the streets to be paved.

6. SAME—*city's witnesses as to benefits may follow objector's
witnesses.* The statute does not require that the city shall call its
witnesses to testify upon the subject of benefits at the time the as-
sessment roll is introduced, and it is proper practice to permit them
to testify after the objectors have introduced their evidence tend-
ing to show that the improvement will not benefit their property.

APPEAL from the County Court of Jackson county; the Hon. W. F. ELLIS, Judge, presiding.

JAMES H. MARTIN, and R. J. STEPHENS, for appellants.

T. B. F. SMITH, City Attorney, (W. A. SCHWARTZ, and A. H. BAER, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by Elizabeth Walker and others from a judgment of the county court of Jackson county confirming a special assessment levied for the purpose of paying a part of the cost of paving and draining certain streets in the city of Carbondale. The legal objections which were filed were all overruled, and upon a trial by jury of the objections in reference to the amount and apportionment of the various assessments a verdict was returned finding that the premises of the objectors were not assessed more than their proportionate share of the cost of the improvement nor more than they would be specially benefited by the proposed improvement.

It was objected that in certain items in the estimate of the cost the materials to which those items referred were not described with sufficient particularity. The statute does not require in the estimate a specific description of the various materials which will be required. It does require the estimate to be itemized to the satisfaction of the board of local improvements. We find, on examination, that there is no difficulty in ascertaining from this estimate precisely what work or material is covered by each item. The law requires no more.

The notice of public hearing fixed seven o'clock P. M. on the first day of June, 1908, as the time and the city council chamber in the city of Carbondale as the place of that hearing. The board met at the time and place specified. The meeting was largely attended. So numerous were

those who came that the council chamber was too small to accommodate them. After the board had been called to order, upon motion the meeting was adjourned at 7:25 o'clock P. M. to be re-convened at once at the Armory building, in the city of Carbondale, distant from the council chamber about one thousand feet. The board re-convened at the Armory building about twenty minutes later and then proceeded with the business of the hour. It is contended, under these circumstances, that the meeting was not held at the time and place specified in the notice that had been given. The purpose of the statute is to enable persons to whom the notice is addressed to appear before and be heard by the board of local improvements. Here the board, in fact, met at the time and place specified in the notice. It was the business of persons who desired to be heard to be there at that time. All who were present had notice, by the action of the board, of the adjournment of the meeting to another building and all such had an opportunity to attend the meeting at the Armory. There was a substantial compliance with the statute.

The public hearing at the Armory was not concluded that night. An adjournment was taken until another date, and later various adjournments were taken from day to day until the time of a meeting which was held on June 12, 1908. At that meeting the board adopted a new resolution in writing, by which it was resolved to adhere to the original resolution providing for the improvement, with certain changes which were specified in the new resolution. These changes made a material reduction in the cost of the improvement. A proposed ordinance drawn pursuant to the new resolution, providing for the making of the improvement, was thereupon transmitted to the city council. That such a resolution was passed on June 12 and the proper ordinance transmitted to the city council appears from the record of the board of local improvements as made on June 12; but the resolution passed at that time was

not then spread at large upon the records of the board, and the record of the board as made on that day does not contain recitals from which the terms of the new resolution can be ascertained. The next meeting of the board of local improvements seems to have been held on August 4, 1908. At that meeting the minutes of the meeting of June 12 were amended by adding thereto, as a part thereof, a copy of the new resolution so adopted on June 12. It is contended that the record of the board is fatally defective because the new resolution adopted was not, upon its adoption on June 12, "at once transcribed into the records of the board," as section 513 of chapter 24, Hurd's Revised Statutes of 1908, provides shall be done with the resolution adopted by the board of local improvements at the time it originates a scheme for a local improvement. That provision applies only to the original resolution. The purpose of it is to have the original resolution of record, so that persons notified to attend the public hearing may ascertain the purport of the resolution by inspecting the record.

Section 514 of chapter 24, *supra,* provides for the adoption of a new resolution at the close of the public hearing but does not specifically provide that the same shall be recorded. That new resolution, if the improvement be not abandoned, affords basis for the preparation of the ordinance which the board is required to submit to the city council, and while it should no doubt be spread upon the records of the board, the fact that in this case it was not recorded until August 8 affords no valid objection to the application for judgment.

It was also objected that no notice of the passage of the ordinance had been given, as required by section 540 of chapter 24, *supra,* while it is contended by appellee that the notice prescribed by that section is required only when the ordinance provides for the building or renewing of a sidewalk. That section contains certain provisions in reference to the course to be pursued when abutting owners

on any street, etc., petition for a local improvement, and then, so far as here material, continues as follows: "Whenever any ordinance shall provide only for the building or renewing of any sidewalk, the owner of any lot or piece of land fronting on such sidewalk shall be allowed forty (40) days after the time at which said ordinance shall take effect in which to build or renew such sidewalk opposite to his land, and thereby relieve the same from assessment: *Provided,* the work so to be done shall in all respects conform to the requirements of such ordinance. Notice of the passage of such ordinance shall be sent by mail within ten days after such passage to the person who paid the taxes on said premises for the preceding year, if he or they can be found in said county, and also a like notice addressed to the 'occupant' of said property, if the same be at such time actually occupied," etc.

We think it apparent that the provision for sending notice of the passage of the ordinance applies only to the ordinance referred to in the sentence beginning with the word "whenever." The purpose of the notice is to give the property owner opportunity to construct or renew the sidewalk within the forty day period, and the notice could serve no useful purpose where the improvement was of such character that the property owner would have no right to make it himself. In *Gage* v. *City of Chicago,* 225 Ill. 218, this court, in reciting notices required by the Local Improvement act, included the notice now under consideration, but the court did not then determine in what cases that notice was required.

Section 545 of chapter 24, *supra,* provides that when the proposed improvement is a sewer, the officer who spreads the assessment shall "investigate and report the district which will be benefited by such proposed sewer, describing the same by boundaries." This ordinance does not provide for the construction of an ordinary sewer. It provides for the laying of sewer pipe for the purpose of drain-

ing the surface of the streets to be paved, but a drain of
that kind is not within the meaning of the language just
quoted. It was therefr unnecessary for the officer to fix
and report the bounda s.

In the trial by jury the city offered the assessment roll
as returned by the officer who spread the assessment.
Thereupon the objectors introduced the testimony of thirty-
three witnesses tending to show that the property of each
objector was assessed more than it would be benefited and
that the proposed improvement would not benefit objectors'
property at all. When the objectors rested, the city called
and over objection introduced the evidence of nineteen wit-
nesses tending to show that the amount assessed against the
property of each of the objectors was not greater than the
amount which that property would be benefited. The ap-
pellants insist that the testimony of these witnesses, so of-
fered by the city, was testimony in chief, and that it should
have been introduced at the same time the assessment roll
was received in evidence and could not rightfully be admit-
ted after the objectors had closed their case. Section 555
of chapter 24, *supra,* provides "the assessment roll, as re-
turned by the officer making the same, * * * shall be
*prima facie* evidence of the correctness of the amount as-
sessed against each objecting owner, but shall not be counted
as the testimony of any witness or witnesses in the cause."
The practice which was pursued in this case is the general
practice in cases of this character, and is, we think, in ac-
cordance with the statute. *Chytraus* v. *City of Chicago,*
160 Ill. 18.

It is also contended that the objectors had the right to
have the jury find by their verdict, if such was the fact,
that the property would be benefited by said assessment no
more than the amount assessed against it,—that is, that the
amount which the property would be benefited was just
equal to the amount which it was assessed. The court, in
fact, instructed the jury on this subject as requested by

the objectors, but in submitting forms of verdict to be used by the jury did not submit any form for use in case they found that the amount of the benefits and the amount of the assessment were exactly equal. Section 565 of chapter 24, *supra,* deals with the question of supplemental assessments, and among other things provides, "it shall be no objection to such assessment that the prior assessment has been levied, adjudicated and collected, unless it shall appear that in such prior cause upon proper issue made, it was specially found in terms, that the property objected for would be benefited by said improvement no more than the amount assessed against it in such prior proceedings." The effect of this quoted language is somewhat uncertain, owing to the fact that the legislature has not expressly provided for the framing of any such issue in the original proceeding. It is apparent, however, that there can be no such finding in the original proceeding except "upon proper issue made." In this case no objection or other writing was filed that raised that issue, and as the statute does not provide for such a finding except upon issue made, the question was not for submission to the jury here. Whether the issue can be made at all in the original proceeding in the present condition of our statute on local improvements we do not now decide.

It is also objected that in each of the forms of verdict submitted the court implied that the property objected for would receive some benefit from the proposed improvement. The jury were clearly instructed that unless the improvement would add to the market value of the property the property would not be benefited. We do not think they could have been misled by the forms.

The record is free from error, and the judgment will be affirmed.                    *Judgment affirmed.*