THE CITY OF CHICAGO, Appellee, *vs.* C. P. TERWILLIGER,
Appellant.

*Opinion filed February 23, 1912.*

1. SPECIAL ASSESSMENTS—*when variance must be regarded as
both willful and substantial.* Where the engineer's estimate of
cost is for a two-foot brick sewer but the ordinance provides for
a two-and-one-half-foot brick sewer the variance is substantial,
and, in the absence of evidence explaining it, must be regarded as
willful, in the sense of intentional.

2. SAME—*material difference between work estimated and work
provided for in ordinance is substantial.* The engineer's estimate
is the basis for the assessment, and if there is a material difference
between the work included in the ordinance and that included in
the estimate there is a substantial variance, whether the work in-
cluded in the ordinance is more or less than is estimated.

APPEAL from the Superior Court of Cook county; the
Hon. THEODORE BRENTANO, Judge, presiding.

GEORGE A. MASON, (WILLIAM T. HAPEMAN, of coun-
sel,) for appellant.

PHILIP J. McKENNA, and FRANK JOHNSTON, JR.,
(WILLIAM H. SEXTON, Corporation Counsel, of counsel,)
for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

To a petition for the levy of a special assessment for
the construction of a sewer the appellant objected that there
was a willful and substantial variance between the engi-
neer's estimate of cost and the ordinance, in that the esti-
mate itemized the cost of a two-foot brick sewer, whereas
the ordinance provided for a two-and-a-half-foot brick
sewer. The objection was overruled, and this appeal is
from the judgment confirming the assessment.

The record shows the variance, but section 9 of the Lo-
cal Improvement act provides that it shall not affect the

validity of the proceedings unless the court shall deem it willful or substantial. There is no evidence in the record, but it would not seem to require either evidence or argument to sustain the proposition that a change which increases the diameter of a sewer one-fourth is substantial. On the other hand, so palpable and material a variance between the ordinance and the estimate on which it was based would seem, in the absence of evidence explaining it, to be willful, which we have held to be equivalent to intentional. (*Clarke* v. *City of Chicago,* 185 Ill. 354; *Smith* v. *City of Chicago,* 214 id. 155.) The estimate is the basis of the assessment, and if there is a material difference between the work included in the ordinance and that included in the assessment the variance is substantial. (*Chicago Terminal Transfer Railroad Co.* v. *City of Chicago,* 184 Ill. 154; *Wetmore* v. *City of Chicago,* 206 id. 367; *Gardner* v. *City of Chicago,* 224 id. 254; *Smith* v. *City of Chicago, supra.*) It is equally a substantial variance whether the work included in the ordinance is more or less than that included in the estimate. If less work is included in the ordinance than in the estimate then the property will be assessed for work not intended to be done and the assessment will be too high, while if more work is included in the ordinance than in the estimate the result will probably be a deficiency, for which a supplemental assessment will be made, with the same effect on the property owner as if there had been an arbitrary increase in the estimated cost after the public hearing, which we have held cannot be allowed. *City of Chicago* v. *Wilder,* 184 Ill. 397.

The judgment is reversed and the cause remanded, with directions to sustain the appellant's objection.

*Reversed and remanded, with directions.*