(No. 18010.—Reversed and remanded.)
THE CITY OF PEORIA, Appellee, *vs.* THOMAS D. COWEN
*et al.* Appellants.

*Opinion filed October 22, 1927.*

1. SPECIAL ASSESSMENTS—*when ordinance sufficiently agrees with resolution.* The purpose of the resolution of the board of local improvements is to furnish such a general description of the proposed improvement as will give the property owners a general understanding of what is proposed to be done, and the ordinance must agree with the resolution as to the nature, character, locality and description of the improvement, but it will be sufficient if it can be seen from an examination of the entire ordinance and its comparison with the estimate that there is no vital variance.

2. SAME—*when elements of an improvement are sufficiently described.* While designation of the elements of an improvement by providing that they be of the same material and character as another existing object or element in use is not a sufficient description, such description will be sufficient when supplemented by further description as to dimensions, form, size, materials, weight and construction.

3. SAME—*city council must determine extent of improvement.* The extent of an improvement and what shall be included in it rest within the legislative discretion of the city council, and courts will interfere only to correct a clear abuse of the discretion.

4. SAME—*when · paving and ornamental lighting may be included in one improvement.* While the installation of an ornamental lighting system is in itself a local improvement, the paving of a street and the construction of an ornamental lighting system therein may be included in one improvement where the lighting and the paving are confined to the same blocks in the street, where the same property is benefited by both improvements, where the character of the lighting system requires the placing of cables underground before the pavement is laid, and where the work, when completed, will constitute one improvement.

5. SAME—*when paving ordinance does not sufficiently describe sewer—estimate.* A paving ordinance is subject to the objection that it does not sufficiently describe the location of sewer basins or the length of tile necessary to be used to connect with sewer inlets where it is impossible to tell from the description how much tile or piping is required to be used, or whether there are any sewer basins in the street with which connections can be made, or whether such connections are to be made with sewer basins in

another street or elsewhere; and where no provision is made in the estimate for either man-hole covers or the sewer basin connections, the testimony of the engineer that the city is to pay for the sewer construction will not cure the deficiency where the ordinance does not assess benefits against the public.

6. SAME—*purpose of engineer's estimate.* The purpose of the engineer's estimate is to advise the property owners of the cost of the improvement, and it should be of such a character as to give a general idea of the cost of the substantial, component elements.

APPEAL from the County Court of Peoria county; the Hon. GLEN J. CAMERON, Judge, presiding.

R. H. RADLEY, for appellants.

HARRY C. HEYL, Corporation Counsel, and ROBERT E. KAVANAUGH, City Attorney, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here on appeal from a judgment of the county court of Peoria county confirming a special tax for the improvement of West Bell avenue, in the city of Peoria. The improvement ordinance provides for the paving, curbing and parking of West Bell avenue, the installation of an ornamental lighting system, and the establishment of certain storm-water sewer connections on said street. The improvement is three blocks in length, and extends west from the west property line of Bootz avenue to the extended northeasterly line of Loucks avenue. The improvement crosses Alice avenue and North Elizabeth street. The ordinance provides for a re-enforced concrete pavement of a width of forty-five feet between curbs, excepting therefrom certain parkings of the width of thirteen feet in the center of the street. Provision is made for two ornamental electric street lights and standards to be placed in the excepted portions of the improvement east of North Elizabeth street and one light in each of the excepted portions or parkings west of North Elizabeth street. The ordinance describes somewhat in detail the description of

the measurements and materials to be used for these lights, and provides that they shall be of the same kind and material as those in Hanssler place, adjacent to Bell avenue. There are two of these parkings or excepted strips in each block, or six in all. The ordinance provides that in the two blocks east of North Elizabeth street there shall be in each of the four excepted portions or parkings two ornamental electric street lights and in the block west of North Elizabeth street there shall be one ornamental electric street light in each of the two excepted portions or parkings, making a total of ten ornamental lights, and that all necessary cables and conduits for the ornamental electric lights shall be placed underground before the pavement is laid. The ordinance also provides for the purchase of ten ornamental light standards and for one transformer.

The county court, on hearing, overruled all legal objections. Seven objections were originally filed, and by leave of court four additional objections were filed at the time of the hearing. Three of these objections go to the amount of benefits and are not urged here. The objections urged here are: First, there is a material and willful variance between the resolution and ordinance on the one hand and the estimate on the other, and between the ordinance and the estimate; second, the ordinance does not provide for a sufficient description of the wings of the pavement at intersecting streets or the electric light standards and catch-basin covers; third, the improvement is a double improvement; and fourth, the ordinance provides for the doing of certain sewer work that is not provided for in the estimate.

As to the first point, the appellants urge a willful and material variance in this: that the resolution and one paragraph of the ordinance provide for twelve ornamental light standards while another paragraph of the ordinance calls for ten ornamental light standards. The resolution, the narrative part of the estimate and one of the earlier paragraphs of the ordinance refer to two ornamental electric

light standards in each excepted strip or parking. As there are six of such excepted strips or parkings in the center of this proposed improvement, this would make a total of twelve ornamental light standards. The estimate provides for ten. By a paragraph of the ordinance describing the location of these lights it is provided as follows: "The placing of two ornamental street lights as designated above shall apply only to that part of the improvement which is east of North Elizabeth street. The excepted portions which lie west of North Elizabeth street shall contain one light." The ordinance thus provides for ten ornamental light standards—two in each of the four excepted portions or parkings lying east of North Elizabeth street and one each in the two excepted portions or parkings lying west. Section 9 of the Local Improvement act (Smith's Stat. 1925, p. 441,) provides, in part, as follows: "The recommendation by said board [of local improvements] shall be *prima facie* evidence that all the preliminary requirements of the law have been complied with, and if a variance be shown on the proceedings in the court, it shall not affect the validity of the proceeding, unless the court shall deem the same willful or substantial." The resolution and the ordinance must agree as to the nature, character, locality and description of the improvement. The object of the resolution is to furnish such a general description of the proposed improvement and its estimated cost as will give the property owners a general understanding of what is proposed to be done and the cost of doing it. The ordinance must be consistent with the resolution and must not change the nature, character, locality or description of the improvement. (*City of Chicago* v. *Gage,* 237 Ill. 328.) In this case it will be seen from an examination of the entire ordinance and its comparison with the estimate that ten ornamental light standards are to be provided, and there is not a vital variance between the ordinance and the estimate. The appellants' first objection cannot be sustained.

The second objection urged here is, that the ordinance does not sufficiently provide for and describe the wings of the pavement at street intersections. It is shown by the description in the ordinance that the wings are to be constructed on an arc of a circle of a radius of fifteen feet. The center of the circle is definitely located with respect to the center line of West Bell avenue, Alice avenue and North Elizabeth street. An engineer can by the description given definitely locate and form the wings. The ordinance is therefore sufficient.

It is also objected that the ordinance is insufficient in its description of the ornamental light standards, in that it provides that they shall be of the same kind of material as those already installed in Hanssler place. Designation of the elements of an improvement by providing that they be of the same material and character as another existing object or element in use is not a sufficient description. (*Washburn* v. *City of Chicago,* 202 Ill. 210.) In this case, however, the ornamental light standards are further described as to dimensions, height, size and materials used in the base, and method of construction. The rule in the *Washburn case,* therefore, does not apply here, as there is a sufficient description, in addition to designation, by reference. The catch-basins are not only described as of a standard pattern used by the city of Peoria, but they are also described by dimensions, form, materials and weight. The ordinance is sufficient in the description of the ornamental lights and catch-basin covers, and the appellants' second objection cannot be sustained.

The third objection urged here is that the improvement is double, in that it provides for an ornamental lighting system and a pavement with curb and storm-water sewer connections. Counsel for the appellants cites *Weckler* v. *City of Chicago,* 61 Ill. 142, as authority for his contention that the ordinance must be held void on that ground. In that case an ordinance provided for the widening of a

ten-foot alley running north and south from Kinzie street
to North Water street through block 4 of the original town
of Chicago, and for the opening of an alley sixteen feet
in width extending east and west in block 4 from North
LaSalle street west, to intersect with the north and south
alley thus widened. It was objected that the widening of
one alley and the opening of another were distinct improve-
ments and should be kept separate. It was argued, in re-
ply, that as the alleys were in the same block and were con-
nected they should be treated as one improvement. The
court, however, held that they were different alleys; that
the land taken to widen the north and south alley was not
appropriated for the improvement of opening a new alley;
that the damages found for such widening were subject
to no diminution for benefits except as were derived from
such widening; that damages for the land appropriated
for opening the east and west alley could not be diminished
by benefits derived from widening the north and south al-
ley; and that the improvements were separate in character
and did not represent one improvement and so should not
be joined. Other cases cited by the appellants have been
those distinguishing the improvement considered from that
in the *Weckler case.*

The rule is that the extent of an improvement and what
shall be included in it rest within the legislative discretion
of the city council and courts will interfere only to correct
a clear abuse of the discretion. (*Church* v. *People,* 179 Ill.
205; *Davis* v. *City of Litchfield,* 145 id. 313.) In *City of
Springfield* v. *Green,* 120 Ill. 269, the statement often re-
ferred to and repeated in the decisions of this court is
made, as follows: "The similarity of the improvement
proposed to be made and the situation of the property to
be assessed with respect to it, afford a more satisfactory
test as to whether they might all be embraced in a common
scheme as one improvement than their actual connection
or physical contact with one another." This test has been

approved in *Walker* v. *People,* 170 Ill. 410, *Payne* v. *Village of South Springfield,* 161 id. 285, *Wilbur* v. *City of Springfield,* 123 id. 395, and *Murphy* v. *City of Peoria,* 119 id. 509. It has been established in this State that installation of an ornamental lighting system is a local improvement. (*City of Springfield* v. *Springfield Railway Co.* 296 Ill. 17; *Halsey* v. *Town of Lake View,* 188 id. 540; *Ewart* v. *Village of Western Springs,* 180 id. 318.) The lighting system and paving are by this ordinance to be constructed in the same blocks of one street. The character of the lighting system required by the ordinance to be installed contemplates the placing of the light cables under the ground before the pavement is laid. The property benefited by these lights is the same as that benefited by the pavement. There appears, therefore, to be no good reason why these may not be constructed under one improvement.

In *Ricketts* v. *Village of Hyde Park,* 85 Ill. 110, it was held that an ordinance for laying a water-supply pipe which provided that the pipe should be laid in various streets did not render the ordinance obnoxious as providing for two separate improvements. In *Village of Hinsdale* v. *Shannon,* 182 Ill. 312, an ordinance that provided for sewers which were not connected, some of which had house connections and others did not, was held not open to the objection that it provided for a double improvement. So in *Drexel* v. *Town of Lake,* 127 Ill. 54, where the ordinance provided for the building of a sewer and installing a pumping plant in connection therewith. In *Wilbur* v. *City of Springfield, supra,* it was held that the fact that an ordinance may embrace many streets or parts of streets to be curbed and paved does not necessarily render it void as embracing more than one improvement. So in *Watson* v. *City of Chicago,* 115 Ill. 78, where the ordinance provided for the construction of a sidewalk on both sides of the same street. In *Murphy* v. *City of Peoria, supra,* it was held that an ordinance which provided for graveling the

road-bed of a street, sodding the center of the street and placing a sewer under the street was not open to the objection that it provided for more than one improvement; that while the improvement consisted of three elements, when the work was all done it was but a single improvement. We are of the opinion that when completed the work in this case will constitute one improvement. The appellants' third objection cannot be sustained.

The appellants' fourth objection is, that the ordinance provides for the doing of certain sewer work which is not mentioned in the estimate of cost. The ordinance provides that openings shall be left at such of the curb corners as there are now existing sewer inlets along the roadway of West Bell avenue and the public alleys. It also provides that the present castings over the sewer inlets of basins shall be removed and replaced with cast-iron rim or manhole covers. The ordinance then describes the dimensions of these covers and provides that they shall weigh not less than 380 pounds. The ordinance also provides: "A ten (10) inch vitrified circular sewer pipe laid in Portland cement mortar consisting of two (2) parts Portland cement and three (3) parts of clean, sharp, screened sand shall be laid from said sewer basin at an elevation of not less than two (2) feet below the top of said basin, and shall rise with a regular grade to an elevation of twenty (20) inches below the top surface of the finished curbs at the curb corner thereof. A ten (10) inch vitrified tile elbow shall be used to connect said pipe leading from said sewer basin to a semi-circular sewer opening to be left in said curb for surface water drainage." No provision is made in the estimate for the cost of these cast-iron manhole covers or for the cost of the sewer pipe to be used connecting the sewer inlets with sewer basins, nor are the locations of the sewer basins disclosed. It is therefore impossible to tell how much tile or piping is required to be used, or whether there are any sewer basins in this street

with which connections can be made, or whether such connections are to be made with sewer basins in another street or elsewhere. It will therefore be seen that this portion of the ordinance is not only open to the objection that it does not sufficiently describe the location of the sewer basins or the length of tile necessary to be used to connect them with the sewer inlets, (*City of Bloomington* v. *Davis,* 309 Ill. 20,) but it is open to the further objection that no provision is made in the engineer's estimate of cost for either the man-hole covers or the sewer basin connections. Sewer work of this character may represent an expenditure of but a few hundred dollars, or it may, so far as this ordinance or estimate and record provide, amount to thousands of dollars. Such an item and the man-hole covers should be included in the engineer's estimate of cost. The purpose of the engineer's estimate is to advise the property owners of the cost of the improvement, and it should be of such a character as to give the property owners a general idea of the cost of the substantial, component elements of the improvement. (*Harmon* v. *Village of Arthur,* 309 Ill. 95.) If elements of the improvement are provided in the ordinance which are not shown in the estimate the result will probably be a deficiency, for which a supplemental assessment will be made. (*City of Chicago* v. *Terwilliger,* 253 Ill. 395.) The city engineer testified that it was the purpose of the city to pay any expense that might be connected with the work of installing the storm-water sewer. However, the ordinance does not assess benefits against the public, and the engineer's sworn statement as to the intention of the city in nowise binds the city or relieves the ordinance of its deficiency in that regard. The court erred in not sustaining this objection.

For the above error the judgment of confirmation is reversed and the cause remanded, with directions to sustain this objection.

*Reversed and remanded, with directions.*