In the Matter of Village of South Jacksonville, Special Assessment for Improvement of East Greenwood Avenue Between South Main Street and Hardin Avenue and the Improvement of South Clay Avenue Between Greenwood Avenue and East Michigan Avenue.
Village of South Jacksonville, Petitioner-Appellant, v. Margaret F. Emberton, et al., Objectors-Appellees.

Gen. No. 10,554.

Fourth District.

October 8, 1964.

Flynn & Flynn, of Jacksonville, for appellant.

Harry G. Story, of Jacksonville, for appellees.

SMITH, J.

The Village of South Jacksonville initiated this proceedings to spread an assessment to cover a portion of the cost of constructing concrete pavement, curb and gutter, and a storm sewer on a portion of two village streets. Appellee property owners filed a number of objections. Certain objections were sustained by the trial court and the petition of the Village was dismissed. This appeal followed.

The objections which were sustained by the trial court and upon which its judgment of dismissal was based presents these points: (1) that the district to be benefited by the proposed sewer improvement was not defined or its boundaries fixed as the statute requires, (2) that the proposed assessment was for two separate improvements, and (3) that a street pavement, curb, gutter, and storm sewer improvement cannot be assessed in one proceeding.

This controversy was bred in that section of the Municipal Code providing for the equitable apportionment of cost between the public and private property to be benefited by the improvement. Ill Rev

Stats (1963), c 24, § 9-2-45. The sentence to which the finger is pointed reads as follows:

> "When the proposed improvement is for the construction of a sewer, it is the duty of such officer to investigate and report the district which will be benefited by the proposed sewer, describing the district by boundaries."

It is clear that there was no attempt to do this.

It is the position of the objectors that statutory compliance is mandatory whether it is a sole sewer improvement project or a sewer project which is an adjunct of another improvement. They apparently draw no distinction between a storm and sanitary sewer but here insist, as they did in the trial court, that we have a street paving improvement *and* a storm sewer improvement—thus two different projects. The Village takes the position that this is a street paving improvement *with* a storm sewer as a more or less necessary incidental part and thus the statute does not apply.

The engineer who prepared the street paving plans and specifications testified:

> "I made plans and specifications on this project that also included a storm sewer. I did not make any investigation prior to drafting the plans and specifications as to the district that would be benefited by the proposed storm sewer describing the district by boundaries. I do not know the area at this time that will be benefited by the proposed storm sewer."

He further testified:

> "Whether or not what we have designed, so far as this storm sewer is concerned, drains an area which far exceeds that which is covered by the actual assessment for the storm sewer for these

individuals depend on the meaning of drains . . . there is water from an area outside the area of the storm sewer and street improvement which flows overland and is intercepted or picked up by our proposed storm sewers on these two street improvements. It does flow into the project eventually. There is water being collected within the improvement that is from outside the improvement, from property that is not included in the property owners in this assessment and from streets that are not within this assessment."

On rebuttal he said:

"This storm sewer does not in any way increase, decrease, facilitate or hinder the drainage of water from areas not adjacent to the street . . . such as area of Pennsylvania Avenue. The existing drains on the streets at this time, as far as I know, is all open ditches."

This testimony suggests that the proposed project comes squarely within the case of City of Carbondale v. Walker, 240 Ill 18, 88 NE 296, where the court said:

"It provides for the laying of sewer pipe for the purpose of draining the surface of the streets to be paved, but a drain of that kind is not within the meaning of the language just quoted. It was therefore unnecessary for the officer to fix and report the boundaries."

The issue before us is complicated by the testimony of one of the trustees of the Village concerning another and different engineering survey for village drainage. He stated:

"The plans Mr. Houser drew was an overall plan for the whole Village and any part that we come up with, any part, is just one phase of an over-

93

all plan for the future Village and the plans and specifications here are a part of the overall plan of drainage which was devised by the Trustees for the future planning of the Village. I would say it was one part of a general plan of drainage for the entire Village that has been considered after Mr. Houser presented the plan. I would say that any project that we start . . . submitted out there . . . would be a part of that overall drainage for drainage for the streets as they are now today."

This testimony appears to bring such a project into direct conflict with City of Lawrenceville v. Hennessey, 244 Ill 464, 91 NE 670, where the failure to define the boundaries of the district benefited was fatal. Lawrenceville, however, was a sewer project solely. Assuming that the proposed project is a piece-meal accomplishment of an overall drainage plan, is it a statutory illegitimate for failure to prescribe the boundaries of the property benefited? We think not.

■ ■ We think the improvement here considered is a single improvement. Ornamental lighting and paving are so regarded. City of Peoria v. Cowen, 326 Ill 616, 158 NE 414. Graveling the roadbed, sodding the center and constructing a sewer under the street are not multiple projects. Murphy v. City of Peoria, 119 Ill 509, 9 NE 895. Many streets or parts of streets may be included in a single improvement. Wilbur v. City of Springfield, 123 Ill 395, 14 NE 871. The extent of an improvement or the elements to be included therein are within the discretion of the legislative branch and will not be disturbed in the absence of an abuse of legislative discretion. City of Peoria v. Cowen, 326 Ill 616, 158 NE 414, noted above. It is abundantly clear that paving, curbing and providing a storm sewer for surface draining cannot be characterized as anything but a single improvement.

Absent any one of these the completed project might doubtfully be dubbed an improvement at all.

Nor do we think that piece-meal completion of this and other similar projects, if and when instituted resulting in the accomplishment of an overall Village drainage improvement, originally contemplated and apparently abandoned as such, create separate and distinct improvements. The testimony is clear that the area here to be improved will be complete and will constitute a complete street paving improvement for the area included. The court in subsequent proceedings will apportion, in accordance with the statute above cited, the total cost between the municipality and that property (so included) so that each will bear its relative equitable proportion. It seems crystal clear that each property can be assessed only for the benefit it receives, if any, and for no more. If the result of the improvement in place is a demonstrable benefit to streets or property not included in the project, the cost thereof must rest with the municipality and not with these property owners.

The exhibits show that rainfall and surface waters from an area beyond the proposed improvement will flow into this sewer. We do not facetiously assert that this water undoubtedly reaches this area now either from the heavens or open ditches. The uncontradicted testimony is that it will not be increased, decreased, facilitated or hindered in its flow or volume by the improvement. The proposed drainage is but a modern substitute in street paving for the more antiquated open ditch. The street will handle no more water than it did before. Other streets and property outside the improvement will have drainage through the sewer only to the extent that they now have it through open ditch drainage. The storm sewer here designed is for the purpose of "draining the surfaces of the street to be paved" within the meaning

95

of City of Carbondale—to do the job that the open ditches are not doing. It would seem fundamental that a proper street paving project should do no less.

We, therefore, conclude that the trial court was in error in sustaining the objections and dismissing the petition. This cause is reversed and remanded for further proceedings not inconsistent with the views here expressed.

Reversed and remanded.

CROW, P. J. and SPIVEY, J., concur.