(No. 11388.—Judgment affirmed.)

THE EAST SIDE LEVEE AND SANITARY DISTRICT, Appellant, *vs.* THE MOBILE AND OHIO RAILROAD COMPANY *et al.* Appellees.

*Opinion filed June 21, 1917.*

1. POLICE POWER—*constitutional property rights cannot be impaired by authority derived from police power.* Laws enacted under the police power for the preservation of the health and general welfare of the public may regulate the use and enjoyment of private property by the owner, but private property cannot be taken, without compensation, by any authority derived from police power.

2. SAME—*use of property of a railroad company is subject to regulation by the State.* The property of a railroad company, in its relation to the public as a common carrier, is affected with the public interest, and its use and enjoyment in that business are subject to regulation by the State.

3. SANITARY DISTRICTS—*when section 21 of the act relating to sanitary districts, requiring railroad company to elevate tracks, does not apply.* Section 21 of the act relating to sanitary districts subject to overflow, which authorizes a sanitary district to compel a railroad company to raise its tracks to the grade of a levee, does not apply where the track is not to be raised but a bridge is required to be built because a proposed artificial channel and levee will intersect the railroad embankment and track.

4. SAME—*sanitary district cannot take or damage private property without compensation.* A sanitary district having the power of eminent domain cannot take or damage private property without making compensation, and if private property is damaged when a railroad is required to elevate its tracks for drainage purposes, the fact that the elevation is required under the police power does not defeat the right to compensation.

5. SAME—*what is not a regulation of use of railroad track but a taking under power of eminent domain.* Cutting through a railroad embankment and track for a proposed artificial channel of a drainage ditch or levee is not a regulation of the use of railroad property under the police power but is a physical interference with the property and a taking under the power of eminent domain.

APPEAL from the County Court of St. Clair county; the Hon. JOSEPH B. MESSICK, Judge, presiding.

THOMAS E. GILLESPIE, (SCHAEFER & KRUGER, and A. H. BAER, of counsel,) for appellant.

LANSDEN & LANSDEN, and JOHN E. HAMLIN, (SYDNEY R. PRINCE, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, the East Side Levee and Sanitary District, filed in the county court of St. Clair county its petition, to which the appellees, the Mobile and Ohio Railroad Company and the trustees and parties interested in mortgage indebtedness of the railroad company, were defendants, praying the court to ascertain the compensation to be paid to the railroad company for the excavation of a channel more than 100 feet wide and about 30 feet deep across the railroad property and through the embankment on which the railroad track was laid, for a waterway for the petitioner. The railroad company filed its cross-petition, alleging that the excavation of the artificial channel would require the construction and maintenance of a suitable railroad bridge over the channel and claimed the right to recover the cost of the same. The parties interested as incumbrancers also filed a similar cross-petition. A jury was waived and the cause was submitted to the court upon a stipulation of facts, which were, in substance, that the channel for the waterway was to be excavated at a point where there was not and never had been any waterway, railroad

bridge or structure of any kind except a railroad embankment and track, which had been located at that place for more than thirty years; that the petitioner proposed to excavate the channel for the purpose of diverting through it the waters of Prairie du Pont creek, which crossed the railroad at a point 3854 feet distant and over which the railroad company had constructed a steel bridge 4000 feet distant from the place of the proposed artificial channel, at a cost of $18,000; that the proposed improvement would necessitate the construction of a steel bridge, with concrete piers and abutment; that the damage to the land would be $129, and that the cost of construction and maintenance of a bridge with a single track would be $50,016.71, making a total of $50,145.71. By the stipulation the parties submitted to the court for determination the legal question as to which one should bear any or all of the expenses therein enumerated. The court allowed as compensation and damages the total amount named in the stipulation, and from the judgment this appeal was prosecuted.

The errors assigned question propositions held as the law by the court relating to the obligation of the petitioner to pay the cost of the construction and maintenance of a new bridge across the proposed channel.

The petitioner is organized under an act of the General Assembly for the purpose of constructing levees, drains and ditches to carry off and dispose of swamp, stagnant and overflow waters and to perform governmental functions conducive to the preservation of the public health and safety which come within the legitimate exercise of the police power. (*Wilson* v. *Board of Trustees,* 133 Ill. 443; *People* v. *Bowman,* 247 id. 276.) Being organized for the performance of duties coming within the police power, counsel contend that the cost of the bridge made necessary by the exercise of such power must be borne by the railroad company without compensation, under the settled rule that every person and corporation holds his or its property sub-

ject to the proper exercise of such power. Laws enacted, however, for the preservation of the public health and general welfare do not appropriate private property for public use but merely regulate its use and enjoyment by the owner, and the question presented here is whether the requirement of a new bridge made necessary by the excavation of a channel is a regulation of the use and enjoyment of the railroad property under the police power or the taking of the property under the power of eminent domain.

Counsel for the sanitary district quote section 21 of the act under which it is organized, which purports to authorize the board of trustees to compel any railroad company to raise its tracks to conform to the grade of any levee or other work intersecting or crossing the same which may be established by the district, and also to repair ditches, drains, sewers and culverts along and under any tracks, so that filth or stagnant pools of water shall not stand upon its right of way or grounds and that the drainage of adjacent property shall not be impeded or interfered with. The track of the railroad company is not to be raised, but when the proposed waterway has been excavated and a bridge built the embankment and track will be exactly at the same grade as before, and as no track elevation will be necessary, that provision has no relation to the case. There is no question of keeping open and in repair ditches, drains, sewers or culverts along or under the tracks or on the right of way or grounds, and no compensation or damages were asked for or allowed on that account, so that section 21 may be dismissed from consideration.

The property of a railroad company, in its relation to the public as a common carrier, is affected with the public interest, and its use and enjoyment in that business are subject to regulation by the State. Its property is also brought into such relations with the public as to justify regulations for the public safety and convenience, and accordingly it was held in *Chicago and Northwestern Railway Co.* v. *City*

*of Chicago,* 140 Ill. 309, that uncompensated obedience to police regulations enacted for the public safety at street crossings was not a taking or damaging of private property without just compensation. But if private property is taken for public use it is immaterial whether it is taken for a purpose within the police power or for a street or highway or other public use. If property, whether of an individual or corporation, is actually appropriated for a hospital, drainage district or other public use relating to the public health, it is taken for a public use just as much as though the power being exercised is not the police power. The right protected by the constitution cannot be overthrown or impaired by any authority derived from the police power, (1 Dillon on Mun. Corp.—3d ed.—sec. 142,) and therefore a drainage district having the power of eminent domain cannot take or damage lands without making compensation therefor. (*Bradbury* v. *Vandalia Drainage District,* 236 Ill. 36.) The elevation of railroad tracks so as to do away with grade crossings is an exercise of the police power, but although a railroad company may be required to elevate its track, if private property is damaged, the fact that the elevation is required under the police power makes no difference in the right to compensation. (*City of Chicago* v. *Jackson,* 196 Ill. 496.) The railroad embankment is the property of the railroad company, and to cut it in two for the proposed artificial channel is not regulating its use but is an appropriation of the property for public use, and the constitutional limitation protects the owner against such taking without compensation. It is a physical interference with the property and a taking under the power of eminent domain.

The county court did not err in ruling on the propositions of law or rendering judgment for the amount agreed upon by the stipulation.

The judgment is affirmed.    *Judgment affirmed.*