(No. 21587.—

THE SANITARY DISTRICT OF CHICAGO, Appellee, *vs.* THE COMMONWEALTH EDISON COMPANY, Appellant.

*Opinion filed June 15, 1934.*

SCHNACKENBERG & HANSEN, (ELMER J. SCHNACKENBERG, of counsel,) for appellant.

WILLIAM ROTHMANN, CHARLES E. ANTHONY, and WALTER E. BEEBE, (GEORGE A. MASON, of counsel,) for appellee.

WILLIAM H. SEXTON, Corporation Counsel, WALTER L. FISHER, and ARTHUR A. SULLIVAN, *amici curiæ*.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The Sanitary District of Chicago brought an action of assumpsit against the Commonwealth Edison Company in the superior court of Cook county. Judgment was rendered against the defendant for $95,954.72 and costs. Upon the prayer for an appeal by the defendant, the trial court certified that the validity of a municipal ordinance was involved in the case and that the public interest required the prosecution of an appeal directly to this court. Accordingly, the record is submitted for review.

The council of the city of Chicago, by an ordinance passed June 28, 1897, granted to the Commonwealth Electric Company, now the Commonwealth Edison Company, the right, during the period of fifty years, to construct and operate a plant or plants and to use the streets of the city for its lines of wire or other electrical conductors. The ordinance was accepted by the company and remains

in force.  Prior to October 16, 1911, the appellant erected a power house on its land west of the north branch of the Chicago river and north of Roscoe street.  The company also built a conduit within the boundaries of its land from the power house to the river.  The conduit was of substantial construction, 25½ feet from the top to the bottom and 14 feet wide, and the top was 13½ feet below the surface of the ground.  It was divided into two sections, one above the other, the lower section serving to bring water from the river to the plant for cooling purposes and the upper one to return the water to the river.  The conduit was an essential part of the appellant's plant.

On October 16, 1911, the city council passed an ordinance for the opening of North California avenue from Roscoe street to Addison street and the condemnation for that purpose of an easement, among others, extending diagonally across the part of appellant's land which included the conduit.  The ordinance provided that, upon the entry of an order by a court of competent jurisdiction granting the city the right to take possession of and to damage the property necessary for the opening of the street, the commissioner of public works should remove forthwith any building or other obstruction located upon the land taken and put the surface in such condition that it could be used for public travel.  The proceedings under the ordinance were conducted in the county court of Cook county, and on October 10, 1912, a jury fixed the just compensation to be paid for the taking and damaging of the appellant's property at $17,900.  Judgment was rendered on the verdict and on October 22, 1914, the county court entered an order reciting that the city had paid the compensation so ascertained and adjudging that the city had the right, at any time thereafter, to take possession of and use for the purposes of a street, the parcel of land for which compensation had been so paid.  The city took possession of the strip of ground, adapted it for, and since has used it

as, a street. The opening of the street did not interfere with the appellant's undisturbed possession and use of the conduit.

Subsequently on June 18, 1924, the city council passed an ordinance granting to the Sanitary District of Chicago the right, easement and authority to construct and operate under and through certain streets, public alleys and highways of the city, an intercepting sewer with the appurtenances as an adjunct to the North Shore and the main channels of the district. The grant was made upon the condition, among others, that the whole expense of the construction and operation of the sewer should be borne by the district. Paragraph (f) of section 4 of the ordinance, however, required "all owners of conduits, * * * and equipment or other structures within any portion of the streets, public alleys and highways to be excavated in the construction of said intercepting sewer" to make, at their expense, such changes in the location of their equipment and property as the construction of the sewer might render necessary.

The appellee, the Sanitary District of Chicago, on June 19, 1924, passed an ordinance providing for the construction of a system of intercepting sewers as adjuncts to its North Shore and main channels. Included as a part of this system was a sewer in California avenue as extended pursuant to the ordinance passed October 16, 1911. This sewer was of such size and it was to be laid at such a depth in the street that its construction required the demolition of a portion of the upper or outlet section of the appellant's conduit and the re-building of that section alongside the lower or intake section. The appellant refused to bear this expense. To enable the appellee to proceed with the construction of its sewer, the parties agreed that the appellant would re-build the outlet section in the desired location and that the appellee would advance the cost of the work upon the condition that it might, within

three years after completion, institute legal proceedings to determine the question of liability for such cost; that the final adjudication of a court of competent jurisdiction upon appeal or writ of error should be conclusive upon the parties and that, if required by the decision, the appellant would reimburse the appellee for the money it had advanced. The appellant re-built the outlet section alongside the other one, and the appellee paid the cost, amounting to $95,954.72. To recover this sum, the appellee instituted this suit.

Two grounds are urged by the appellee as the bases for its assumed right to construct the intercepting sewer in California avenue and in the prosecution of that work to destroy, wholly or partially, the conduit of the appellant without incurring the obligation to pay compensation for the resulting damage; first, the police power, and second, the condemnation pursuant to the ordinance extending California avenue across the property of the appellant, the effect of which proceeding, it is insisted, was to authorize the city directly, or by delegation as in the case at bar, to take possession of, and to damage at, above or below the surface, the property within the limits defined by the ordinance.

The appellee was organized under the act entitled "An act to create sanitary districts and to remove obstructions in the Des Plaines and Illinois rivers." (Laws of 1889, p. 125). Its board of trustees has the power to provide for the drainage of the district by laying out, establishing, constructing and maintaining one or more main channels, drains, ditches and outlets for carrying off and disposing of the drainage, including the sewage, of the district, together with such adjuncts and additions thereto as may be necessary or proper to cause the channels or outlets to accomplish the end for which they were designed. The power so conferred is subject to the paramount authority of the State and Federal constitutions. (*City of Chicago* v. *Jackson,* 196 Ill. 496; 1 Dillon on Mun. Corp. (5th ed.)

sec. 302). Section 13 of article 2 of the State constitution provides that private property shall not be taken or damaged for public use without just compensation. Section 2 of the same article and section 1 of article 14 of the constitution of the United States prohibit the taking of property without due process of law. The police power of a State, comprehensive as it is, has its limitations. It cannot be held to sanction the taking of private property for public use without just compensation, however essential such taking may be for the promotion of the public health or safety or the general welfare. (*City of Chicago* v. *O'Brien*, 111 Ill. 532; *Sanitary District* v. *Chicago and Alton Railroad Co.* 267 id. 252). A sanitary district is not exempt from the provision of the constitution requiring the payment of just compensation to an owner when his property is taken or damaged for public use. (*East Side Levee and Sanitary District* v. *Mobile and Ohio Railroad Co.* 279 Ill. 319). The conduit was laid and constructed by the appellant in land which it owned in fee before California avenue was extended across the land. The appellee cannot invoke the police power to justify the taking or the damaging of the appellant's property without the payment of just compensation therefor.

The other claim of authority to destroy or require the re-location of a part of the appellant's conduit, without being required to pay compensation, is that the city of Chicago acquired the right to use the street for municipal purposes; that the city under its judgment in the condemnation suit might have constructed an intercepting sewer in California avenue, and consequently, that it could authorize the sanitary district to do so. The appellant, on the contrary, asserts that the city acquired only an easement in the appellant's land for a declared purpose; that taking or damaging the conduit was not anticipated or considered in the condemnation suit and no compensation was allowed therefor, and that the city possessed no power to pass an

ordinance authorizing or directing the removal or re-location of the conduit by another municipal corporation without making compensation to the owner.

When the franchise was granted by the city of Chicago to the appellant's predecessor on June 28, 1897, the city reserved no right of control over the plant which the company might build on its land. The conduit was laid and constructed in a tract which the company owned in fee simple and not in or under a pre-existing street. In the condemnation proceeding, no compensation was allowed for taking or damaging any part of the conduit, and when California avenue was later extended and improved across the appellant's land, the conduit was not disturbed. The award of $17,900 in the condemnation suit, in view of the expenditure of $95,954.72 by the district to re-locate and re-build the upper section of the conduit, is evidence that, when the street was opened, subsequent interference with the conduit was neither contemplated nor considered. It is apparent that the use of the conduit by the owner was not regarded as inconsistent with the proper use and enjoyment of the street by the public.

The intercepting sewer in the extension of California avenue was built by the Sanitary District of Chicago, and not by the city of Chicago. The purpose of the act authorizing the organization of the sanitary district was to furnish a common outlet for the sewage of the municipalities within the limits of the district and not to invest a new corporation with some of the functions of local·government of pre-existing municipal corporations. (*City of Chicago* v. *Green,* 238 Ill. 258, 267; *Wilson* v. *Board of Trustees,* 133 id. 443, 477). The intercepting sewer in question constitutes a part of the sanitary district's sewage disposal system, and is not a local improvement such as cities, villages and incorporated towns are, by the Local Improvement act, empowered to make. (*Mortell* v. *Clark,* 272 Ill. 201; *City of Chicago* v. *Green,* 238 id. 258; *Judge*

v. *Bergman,* 258 id. 246). The construction of the particular sewer was not a function of the city of Chicago, but of another and an independent municipal corporation. The city had no power to acquire by condemnation, an easement for, or to construct, an adjunct or auxiliary to a channel of the sanitary district. Wanting the power, the city could not authorize the district to damage or destroy the private property of the appellant.

The city, by the condemnation proceeding, acquired an easement over, and not the title in fee to, the strip of land occupied by the street. It did not and could not, by that proceeding, acquire the right, to be exercised by another municipal corporation organized for a different purpose, to damage or destroy private property. The appellant owned the land in which the conduit was located subject only to the easement for the extension of California avenue. It might make any reasonable use of its land that was not inconsistent with the proper enjoyment of the easement by the public. (*City of Dixon* v. *Sinow & Weinman,* 350 Ill. 634; *Davis* v. *City of Chicago,* 333 id. 422; *Tacoma Safety Deposit Co.* v. *City of Chicago,* 247 id. 192; *Sears* v. *City of Chicago,* 247 id. 204; 1 Elliott on Roads and Streets, (4th ed.) sec. 499). The appellant was entitled to exemption from the appropriation of its property for a use foreign to the purpose of the easement. It follows that the appellee may not, for its intercepting sewer, avail itself of the easement acquired by the city through the condemnation proceeding and that the city ordinance passed June 18, 1924, to the extent that it purports to direct the appellant to change the location of its conduit in California avenue to serve the purposes of the appellee, is invalid.

The judgment of the superior court is reversed and the cause remanded, with directions to render judgment for the appellant. *Reversed and remanded, with directions.*