THE VILLAGE OF OAK LAWN *et al.*, Plaintiffs-Appellees, v. COMMON-WEALTH EDISON COMPANY, Defendant-Appellant.

First District (5th Division)    No. 86—0327

Opinion filed November 13, 1987.

John W. Treece and D. Maria Majeske, both of Isham, Lincoln & Beale, of Chicago, for appellant.

Thomas P. Bayer, of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellee Village of Oak Lawn.

Allen S. Lavin, of Chicago (James B. Murray and Robert L. Abraham, of counsel), for appellee Metropolitan Sanitary District of Greater Chicago.

JUSTICE LORENZ delivered the opinion of the court:

This appeal concerns the issue of who will pay the $34,000 cost of temporarily relocating electric transmission lines at two intersections in Oak Lawn. Relocation is necessary to permit construction of a relief sewer designed to prevent flooding in Oak Lawn and some neighboring communities. Oak Lawn, by ordinance, required that Commonwealth Edison pay for the relocation of its transmission lines. Commonwealth Edison initially refused, contending that the Metropolitan Sanitary District of Greater Chicago (MSD) should bear the cost. Oak Lawn, MSD, and the construction company (Kenny Construction) then brought this action for declaratory relief. The parties agreed that Edison would relocate the transmission lines without requiring advance payment, instead reserving its rights subject to the resolution of this lawsuit. The circuit court of Cook County held that Edison was required to pay for the relocation. On appeal Edison contends that Oak Lawn did not have the authority to require it to bear this expense.

We affirm.

This case proceeded upon stipulated facts. The parties stipulated

that Oak Lawn asked MSD to take steps to relieve sewer flooding problems within the corporate limits of Oak Lawn. In response, MSD proposed construction of the relief sewer at issue. The board of trustees of Oak Lawn entered into an agreement with MSD for the construction of this project, passing an ordinance which, *inter alia*, provided an easement to MSD and waived all fees and costs for necessary permits, licenses, and inspections. By ordinance Oak Lawn also required Edison, at its own expense, to relocate its transmission lines at two intersections in Oak Lawn so as to permit the construction to go forward. Oak Lawn's mayor also subsequently directed Edison to move these utility lines pursuant to the authority of the ordinance. The parties stipulated that all other utility companies relocated their facilities at no expense to Oak Lawn or MSD.

OPINION

■ Edison concedes that under Illinois case law if this were purely a village project Oak Lawn would have the authority to require Edison to move the electric transmission lines at Edison's expense. (*People ex rel. City of Chicago v. Chicago City Ry. Co.* (1926), 324 Ill. 618, 155 N.E. 781; *Peoples Gas Light & Coke Co. v. City of Chicago* (1952), 413 Ill. 457, 109 N.E.2d 777.) In those cases the Illinois Supreme Court held that the license received by a utility company to operate its facilities upon or below the public streets was subordinate to the municipality's general power over its streets. Included in that general power is the municipality's right to require the relocation of utility facilities in order to promote public safety, welfare, comfort, or convenience. Moreover, the municipality may require the utility to bear the expense of that relocation without resort to condemnation, because requiring the municipality to bear such expenses would seriously interfere with the municipality's authority to regulate its streets pursuant to the police power.

Edison also concedes that the MSD has the power to order such relocations, but notes that, as MSD admits in its brief, MSD does not have the power to require utilities to pay for those relocations. Edison then contends that the project at issue here is in reality solely an MSD project. But the stipulated evidence in this cause does not support this contention. As we have noted, this project was initiated at Oak Lawn's request and was pursuant to an agreement between Oak Lawn and MSD by which Oak Lawn provided the necessary easements and waived certain expenses. The project clearly benefits the health and welfare of Oak Lawn citizens by alleviating sewer flood problems in the village. Thus, pursuant to the very authorities cited

by Edison, Oak Lawn had the power to require removal of the electric transmission lines at Edison's expense.

■ Edison's secondary contention is based on the fact that this is also an MSD project, designed to alleviate flood conditions in a larger area than Oak Lawn. Edison contends that MSD's involvement, and MSD's lack of authority, on its own, to require Edison to bear relocation expenses, bar Oak Lawn from requiring Edison to bear those expenses. But, there is clear statutory authority for Oak Lawn to impose this requirement on Edison. Section 3 of the Intergovernmental Cooperation Act (Ill. Rev. Stat. 1985, ch. 127, par. 743) provides:

> "Any power *** which may be exercised by a public agency *** may be exercised *** jointly with any other public agency of this State ***."

The plain language of this statute permits two or more public agencies to act jointly in the exercise of any power possessed by one of those agencies. Here, Edison has conceded that Oak Lawn would have the power to require the relocation at Edison's expense if this were only a village project. This statute then permits Oak Lawn, when acting in concert with MSD, to still exercise this power. It should be noted that Oak Lawn is only requiring relocation of transmission lines within Oak Lawn; thus, its authority is only being exercised with respect to portions of the project affecting Oak Lawn.

Edison relies to a great extent upon a 1934 Illinois Supreme Court decision, *Sanitary District v. Commonwealth Edison Co.* (1934), 357 Ill. 255, 192 N.E. 248. In that case the sanitary district sought to recover from Edison the cost of demolishing a portion of Edison's underground conduit contained in land owned by Edison. The City of Chicago had previously obtained an easement on this land in order to construct a street, but Edison retained title to the land. The City of Chicago then passed an ordinance granting the district an easement for construction of a sewer on this property and requiring Edison to bear the expense of relocating its conduit to permit this construction. Under these circumstances the court found that the district was required to pay Edison just compensation for the taking or damaging of its property. In so holding the court found that the sewer was built by the district, not by the City of Chicago, and that it was part of the district's sewage system, not a local improvement. The court also found that the easement previously obtained by the city was not intended to affect the conduit.

In this cause Edison does not own the land in question, merely possessing a license from the village for the use of a public right of way. Furthermore, the project at issue is clearly one initiated by and

for the benefit of the Village of Oak Lawn as well as being part of a larger MSD project. Thus, *Sanitary District* is clearly inapposite. By Edison's logic a municipality like Oak Lawn, with a clear right to advance projects for the public welfare by requiring utilities to bear the expense of relocating utility facilities located on public streets, loses that right if it chooses to act in concert with other municipalities or entities like MSD so as to accomplish those same objectives on a wider scale. We find no support in the case law for this proposition. Accordingly, we affirm the judgment of the circuit court.

Affirmed.

STAMOS and MURRAY, JJ., concur.