(No. 19126.—

James Davis, Appellant, *vs.* The City of Chicago, Appellee.

*Opinion filed December 20, 1928—Petition for rehearing stricken February 6, 1929.*

WEISSENBACH, HARTMAN, CRAIG & OKIN, (DANIEL S. WENTWORTH, HENRY O. NICKEL, and JOHN P. SULLIVAN, of counsel,) for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, and GOTT-HARD A. DAHLBERG, (LEONARD F. CARMODY, and JOSEPH J. THOMPSON, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county dismissing for want of equity a bill filed by appellant praying for an injunction against appellee.

The bill alleged, among other things, the institution of a special assessment proceeding for the improvement of a portion of Milwaukee avenue between West North avenue and North Halsted street, in the city of Chicago, by increasing the roadway eight feet in width and reducing the sidewalks on each side of the street by four feet; that appellant is the owner and in possession of certain real estate (describing it) which is affected by such special assessment proceeding; that he filed objections to the proceeding, claiming the invalidity of the proceedings of the board of local improvements and the invalidity of the ordinance of the city council under which the proceedings were had; that the objections were overruled and a judgment of confirmation entered, an appeal therefrom by appellant to this court and the pendency here of such appeal; that the city of Chicago is not the owner in fee of Milwaukee avenue; that there has never been either a statutory or common law dedication thereof; that appellant owns the fee of the premises described in the bill, known as 1400-1406 Milwaukee avenue; that he and his predecessors in title since 1865 have continuously used and were in possession of all said property up to and including the curb line of the roadway of Milwaukee avenue; that there has existed for some time past a sidewalk approximately fourteen feet in width; that underneath the sidewalk appellant for twenty years or more has used the space as a subway and as a part of his premises; that he has constructed a retaining wall at the curb line and other intersecting walls under the fourteen-foot sidewalk; that he has installed pipes and other equipment which he uses in the operation of his business; that appellee, under the special assessment proceedings above mentioned, is attempting to destroy the entire retaining wall, to cut down the intersecting walls and to seize and drive appellant, by forcible and illegal ejectment, from the southwesterly four feet of his property, and is threatening, and is about to proceed, to destroy the pipes installed in the sub-

way and to take said property by force and without legal warrant from appellant without just compensation; that such acts of appellee will result in irreparable damage to appellant. The bill alleges the illegality of the acts of appellee with reference to the institution of the proceedings and the invalidity of the ordinance. It contains many other allegations, which cannot be considered here for the reason that such questions are involved in the pending appeal from the judgment of confirmation and as to which appellant has an adequate remedy at law. It prays for an injunction restraining appellee from letting or in any way entering into any contract for the improvement of Milwaukee avenue or from proceeding with the excavating, removing, cleaning away and widening any portion of the roadway of Milwaukee avenue or proceeding with the paving or otherwise improving of Milwaukee avenue under said special assessment proceeding, that appellee be required by order of court to leave Milwaukee avenue from North Halsted street to West North avenue *in statu quo* until the final decision of the Supreme Court of the appeal heretofore perfected in the special assessment case, and that appellee be enjoined from proceeding with the paving or otherwise improving of Milwaukee avenue, from destroying the retaining wall and the intersecting walls and the pipes and other equipment of appellant in the premises known as 1400-1406 Milwaukee avenue, and prays for other relief which it is not necessary to here mention. Appellee filed a demurrer to appellant's bill on the ground "that the statutes of the State of Illinois expressly authorize the defendant to proceed with the improvements mentioned in the bill of complaint regardless of appeals pending in the Supreme Court, as set forth in the bill of complaint."

It is first contended by appellee that there is nothing in appellant's bill which shows ground for equity jurisdiction, and it cites numerous authorities to the effect that the tribunal which first obtains jurisdiction of the subject mat-

ter must proceed and finally dispose of it, and to the effect that equity has no jurisdiction to enjoin proceedings under the Local Improvement act where the grounds for such injunction are such as could be adjudicated in the special improvement proceedings. These authorities correctly state the law and are pertinent to most of the relief prayed in appellant's bill.

Injunction is a proper remedy of the owner where an unlawful appropriation of his land is attempted for the use of a city which has not acquired the right of such appropriation by condemnation or otherwise. In such cases courts of equity act upon broader principles than in ordinary cases and have granted equitable relief without regard to the existence of legal remedies, irreparable injury or other equitable considerations. (*Springer* v. *City of Chicago*, 308 Ill. 356.) A demurrer admits the truth of all facts stated in the bill so far as they are relevant and well pleaded. (*Martin* v. *McCall*, 247 Ill. 484.) When a bill sets forth various claims for relief and the defendants file a general demurrer, the demurrer should be overruled if any of the claims set forth in the bill be proper for the jurisdiction and consideration of a court of equity. (*Kinder* v. *LaSalle County Coal Co.* 301 Ill. 362; *Miller* v. *Hale*, 308 id. 275.) The material question in this case is whether, accepting the statements contained in appellant's bill as true, he would be entitled to an injunction preserving the *status in quo* until the determination of the appeal in the local improvement case. Accepting these statements as true, we find that appellant is the owner of the fee to the center of the street in front of 1400-1406 Milwaukee avenue, subject to the easement of the city for a roadway between the curb and the center of the street, and likewise subject to the easement of the city for a sidewalk fourteen feet wide in that portion of the premises upon which the sidewalk now is, and that he is the owner of, and for years has been in possession of, the subway beneath the sidewalk and

has constructed and maintained a retaining wall at the curb and intersecting walls and has constructed various pipes and other equipment in such subway, and that appellee, without having paid any compensation to appellant therefor, is threatening to, and unless enjoined will, enter upon such subway and damage and destroy the retaining and intersecting walls and the pipes contained in the subway beneath the sidewalk. The title of the abutting owner to the center of the street where the city does not own the fee is not a contingent interest or a mere expectancy but is a present subsisting ownership of the fee, subject to the easement of the public, which he may subject to any private use he sees fit in connection with his premises which is consistent with the dominant rights of the public in the easement. (*Spears* v. *City of Chicago*, 247 Ill. 204.) In *Tacoma Safety Deposit Co.* v. *City of Chicago*, 247 Ill. 192, it is said: "It is clear, therefore, to provide for the erection of a subway beneath the sidewalk and in a street adjoining the property of the abutter where the fee in the street is in the abutter, and to require the owner of the fee to pay rent to the city for the use of his own property, would be, in effect, to take from the owner his property without due process of law or without paying him due compensation therefor under the claim of regulating the use of the streets of the city, which would amount to an unlawful deprivation of the abutter's property, which the law would not permit."

The second paragraph of section 56 of the Local Improvement act provides: "Such judgments shall have the effect of several judgments * * * and no appeal * * * shall invalidate or delay the judgments, except as to the property concerning which the appeal * * * is taken." This section can have no application to a bill for injunction to preserve the *status in quo* pending the appeal in the particular property concerning which the appeal is taken. Section 30 of the same act provides: "No appeal or writ

of error upon the same shall delay proceedings under said ordinance, if the petitioner shall file in the case its written election to proceed with the improvement notwithstanding such appeal or writ of error." In *Village of Bellwood* v. *Galt,* 326 Ill. 55, in speaking of sections 30 and 31 of the Local Improvement act, this court said: "They apply only to cases where the objections relate to the regularity of the trial to fix compensation. In such instances it makes no difference that the municipality takes possession of the land pending the appeal, for the reason that errors occurring on the first trial may be corrected on a second trial. The two sections deal only with the judgment entered on the finding of a jury, or upon the finding of the judge where a trial by jury is waived. This is sometimes called the second step in a condemnation proceeding. It is that part of the hearing which has to do only with the fixing of the amount of compensation. It has nothing to do with the legal questions arising on the preliminary hearing before the court."

The facts stated in the bill in the instant case and admitted by the demurrer to be true were sufficient to entitle appellant to an injunction restraining appellee from taking or damaging his property or interfering with its *status in quo* during the pendency of the appeal in the special assessment proceeding, and the court therefore erred in sustaining the demurrer to appellant's bill.

The decree of the circuit court dismissing appellant's bill for want of equity is therefore reversed and the cause remanded to that court, with instructions to enter an order overruling the demurrer.

*Reversed and remanded, with directions.*