(No. 21237.—

The City of Dixon, Appellant, *vs.* Sinow & Weinman
*et al.* Appellees.

*Opinion filed December 23, 1932.*

MARTIN J. GANNON, City Attorney, (ELWIN M. BUN-NELL, of counsel,) for appellant.

HENRY C. WARNER, and EDWARD E. WINGERT, for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The city of Dixon filed a petition in the county court of Lee county for the levy and confirmation of a special assessment to defray the cost of improving certain streets

in that city. Fourteen owners of lots and parcels of land filed objections to the confirmation of the assessment. Their objections to the legality and sufficiency of the ordinance which forms the basis of the petition were sustained and the petition was dismissed. The city prosecutes this appeal.

The ordinance in question was passed by the council of the city of Dixon on September 12, 1931. It provides for the excavation and widening of the roadways of portions of First and Second streets and Galena, Hennepin and Peoria avenues, the replacing of sidewalks where curbs are moved, the re-building of storm-water curb inlets and the laying of concrete sidewalks.

Under portions of the surface of the roadways to be widened are privately owned vaults and coal holes and on the surface of the strips to be taken for the widening of the roadways are trees, mail boxes, water hydrants, gas connections, gasoline service station pumps, telephone and electric light poles, an arch and a drinking fountain. The ordinance provides for adjustments in the vaults and coal holes, but not for the removal of the objects on the surface of the strips to be appropriated for the widened roadways. There is no provision for the payment of damages to private property, and it is objected that the ordinance requires the taking or damaging of such property for public use without just compensation.

It is conceded that the respective owners of the lots or parcels of land abutting on each of the streets to be improved hold title to the center of the street subject to the easement for public purposes. The easement for a street includes such use of the land at or beneath the surface as will make the easement effective. In the case of a street, where the fee remains in the adjacent land owner, the public authorities may change the grade, build sewers, drains and culverts, lay water pipes and make, or cause to be made, various other improvements; and the owner of the fee has no right to interfere with the use of the street for public

purposes. (*Town of Palatine* v. *Kreuger,* 121 Ill. 72; *City of Quincy* v. *Bull,* 106 id. 337). The owner of the land under a street, however, may make any reasonable use of his land that is not inconsistent with the proper enjoyment of the easement by the public. (*Tacoma Safety Deposit Co.* v. *City of Chicago,* 247 Ill. 192; *Sears* v. *City of Chicago,* 247 id. 204; *Davis* v. *City of Chicago,* 333 id. 422). The dominant rights of the public made it unnecessary in this case to incorporate in the ordinance a provision for the payment of damages to private property.

It is further objected that the owners whose real property is assessed have the right to know that the obstructions on the strips in question will be removed before they are required to pay the assessment. Some of the objects required to be removed are few in number or small in quantity and the cost of their removal will be slight. An ordinance for a local improvement will not be declared void on account of the omission from the estimate of an item which is trifling when compared with the whole cost of the improvement. (*City of Pekin* v. *Grussi,* 338 Ill. 196; *Patton* v. *Village of Palestine,* 304 id. 489). Trees, mail boxes, drinking fountains, street arches, gasoline pumps, gas and water connections, and telephone and electric light poles within the street lines and on the strips to be improved are subject to the control of the city, and there is no necessity for a provision in a local improvement ordinance requiring their removal. (*People ex rel. Lapice* v. *Wolper, ante,* p. 461; *City of Mt. Carmel* v. *Shaw,* 155 Ill. 37; *City of Quincy* v. *Bull, supra*). Moreover, the evidence discloses that the company which owns the electric light poles is willing, at its own expense, to remove them, and the telephone company is obligated by an ordinance passed in 1927 to change the location of its structures and equipment, if necessary, upon the widening of streets in the city of Dixon. The objection is not tenable.

The ordinance provides that where there are vaults underneath, the present sidewalks back of the new curbs and the new curbs and gutters shall be supported on a concrete beam reinforcement· with a steel I-beam and have a six-inch reinforced concrete deck extending from the reinforced beam to the present vault wall. In the case of thirteen of such vaults the supporting concrete beam shall be ten by sixteen inches and the I-beam twelve inches; and the reinforced beam shall be carried on eight-inch cast-iron columns located not to exceed sixteen feet from center to center and the columns shall be carried on concrete foundations three feet square at the bottom, eighteen inches square at the top and thirty inches deep. With respect to eighteen other vaults, the supporting concrete beam shall be eight by sixteen inches and the I-beam eight inches and the reinforced beam shall be carried on pilasters twelve inches thick, varying in width from six to twenty-six inches, and the distances between their centers shall not exceed sixteen feet.

The objections urged to the foregoing provisions of the ordinance are that the composition of the concrete and the dimensions of the decks are not specified; that the number and the locations of the iron columns and pilasters, and the width of the pilasters are not fixed, and that in the estimate items of the cost of the columns and pilasters are not included. The ordinance is silent upon the composition of the concrete to be used in the construction of the decks. There is no specification of the dimensions of the decks other than their thickness. The vaults are of various sizes, but their dimensions are not given. The iron columns and the pilasters may be placed any distance apart not exceeding sixteen feet from center to center and the width of the pilasters may vary from six to twenty-six inches. In respect of the composition of the concrete for the decks, the dimensions of the decks, the number and the locations of the columns and the pilasters and the width of the latter, the ordinance is uncertain and indefinite and

commits to the contractor a discretion not contemplated by the Local Improvement act. *City of Lewistown* v. *Baldwin,* 314 Ill. 564; *City of Chicago* v. *Huleatt,* 276 id. 466.

The engineer's estimate should be sufficiently itemized to inform the property owner of the probable cost of each of the substantial component elements of the improvement. (*City of Harvard* v. *Roach,* 314 Ill. 424; *City of Lewistown* v. *Baldwin,* 314 id. 564; *City of Chicago* v. *Illinois Malleable Iron Co.* 293 id. 109; *City of Chicago* v. *Huleatt,* 276 id. 466; *Doran* v. *City of Murphysboro,* 225 id. 514; *Lyman* v. *Town of Cicero,* 222 id. 379; *City of Peoria* v. *Ohl,* 209 id. 52). The iron columns, pilasters and decks are manifestly component parts of the proposed improvement and the cost of each of these three items is substantial. Yet no mention of or reference to any of them is made in the estimate. It does not afford the property owner the required information and the estimate is therefore insufficient.

It is objected that the provision of the ordinance that storm-water curb inlets along the line of the old curb removed be re-built on the line of the new curb and the drains extended in kind and size to the new inlets is indefinite and that the estimate contains no item showing the probable cost of extending the drains. The number of drains involved, the kinds and quantities of materials required, and the extent of work to be done do not appear. The ordinance should have given a more definite and complete description of this portion of the proposed improvement and its probable cost should have appeared in the estimate. *City of Peoria* v. *Cowen,* 326 Ill. 616; *City of Chicago Heights* v. *Angus,* 267 id. 628; *City of Geneseo* v. *Brown,* 250 id. 165; *Washburn* v. *City of Chicago,* 202 id. 210; *City of Harvard* v. *Roach,* 314 id. 424.

The ordinance provides "that a concrete sidewalk be constructed adjacent to the south curb of River street between Hennepin avenue and Peoria avenue. Said walk shall

be four inches thick and four feet wide and constructed of the same materials as specified for curb and gutter." The appellees object that the location of the proposed sidewalk is indefinite and uncertain. Adjacent means lying near, close or contiguous. Objects are adjacent when they lie close to each other, but not necessarily in actual contact. (Webster's New International Dict.; *Chicago and Northwestern Railway Co.* v. *Chicago Mechanics' Institute,* 239 Ill. 197; *People* v. *Keechler,* 194 id. 235). It is not certain therefore whether the sidewalk shall be laid near to or in actual contact with the curb. The grade of no part of the sidewalk is fixed by the ordinance. In these respects, the ordinance is fatally defective and the objection was properly sustained. *McChesney* v. *City of Chicago,* 171 Ill. 253; 1 Mason on Special Assessments, (2d ed.) pp. 306, 363, 364.

To the objection that the ordinance is uncertain, indefinite and incomplete in the respects indicated, among others, the appellant answers that it contains a provision that the specifications governing construction under Local Improvement ordinance No. 237, series of 1927, shall govern construction under the present ordinance, and that the reference shall be as effective as if those specifications were written in the ordinance under review. Ordinance No. 237, series of 1927, was not introduced in evidence and does not appear in the record. It is not contended that by the ordinance to which recourse is taken, the city adopted a certain object or monument of a permanent character as a base or starting point for the grades and levels of the municipality. There is no proof that the desired specifications are incorporated in or are made a part of ordinance No. 237. In any event, this court cannot take judicial notice of a local improvement ordinance. (*City of Chicago* v. *Municipal Engineering Co.* 292 Ill. 614). Hence the reference to the former ordinance does not avail the appellant.

The judgment of the county court is affirmed.

*Judgment affirmed.*