## CAMPBELL v. CITY OF CHICAGO.
### No. 7512.

Circuit Court of Appeals, Seventh Circuit.
May 7, 1941.

Howard F. Bishop, of Chicago, Ill., for appellant.

Alexander J. Resa, Barnet Hodes, and Charles B. Collins, all of Chicago, Ill., for appellee.

Before EVANS and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff sued to enjoin the City from widening the vehicular roadway and narrowing the sidewalk of North State Street in front of his property. It was proposed to take from the walk approximately one-half its width of fourteen feet seven inches and to allocate this space to the roadway. Plaintiff averred that the existing width was necessary for ingress to and egress from his premises, used largely as retail stores; that the reduction would result in congestion of traffic on the narrowed sidewalk, make it extremely difficult for persons to enter and leave his property and bring upon him irreparable damage in his property rights. He alleged illegality in the proposed action in that under the Constitution of Illinois not only may private property not be taken for public use without just compensation but, also, that it may not be damaged until such compensation for such damage has been determined and paid. Section 13, Article II, Illinois Constitution Smith-Hurd Stats. Upon motion to dismiss, the trial court held the complaint insufficient and entered judgment for defendant. Was it right?

Under the law of Illinois, though plaintiff as an abutting owner is seized of title to the center of the street, his estate is subject to the paramount right of the municipality to use the public way in any reasonable proper public manner. He may assert no rights when to do so interferes with public needs, Moore v. Gar Creek Drainage District, 266 Ill. 399, 107 N.E. 642; Sears v. City of Chicago, 247 Ill. 204, 93 N.E. 158, 139 Am.St.Rep. 319, 20 Ann.Cas. 539, whether the dedication be statutory or one at common law. Maywood Co. et al. v. Village of Maywood et al., 118 Ill. 61, 6 N.E. 866. The ordinance proposed to take no property of plaintiff but merely to improve the street upon which his land abutted. It threatened no trespass upon his domain, no invasion of his realm. If he was damaged, a question not necessary to decide here, his injury was consequential, resulting from normal and proper improvement of the street. In such situations, in Illinois, the municipality may not be compelled to defer an improvement until consequent damages shall, as a condition precedent, have been determined and paid. He may not have an injunction, but may recover his

1016

damages at law. South Park Com'rs v. Montgomery Ward & Co., 248 Ill. 299, 93 N.E. 910, 21 Ann.Cas. 127; County of Mercer v. Wolff, 237 Ill. 74, 86 N.E. 708; Rigney v. City of Chicago, 102 Ill. 64; City of Chicago v. Jackson, 196 Ill. 496, 63 N.E. 1013, 1135; Childs & Co. v. City of Chicago, 279 Ill. 623, 117 N.E. 115; City of Dixon v. Sinow & Weinman, 350 Ill. 634, 183 N.E. 570; Penn Mutual Life Ins. Co. et al. v. Heiss et al., 141 Ill. 35, 31 N.E. 138, 33 Am.St.Rep. 273; Stetson v. Chicago & Evanston R. R. Co., 75 Ill. 74; Peoria & Rock Island Ry. Co. v. Schertz, et al., 84 Ill. 135; Calumet Federal Savings & Loan Ass'n v. City of Chicago, 306 Ill.App. 524, 29 N.E.2d 292. Such is the law generally. D. M. Osborne & Co. v. Missouri Pacific Railway Co., 147 U.S. 248, 13 S.Ct. 299, 37 L.Ed. 155. The language of Parker v. Catholic Bishop et al., 146 Ill. 158, 34 N.E. 473, 474, is pertinent: "Where no part of the land or property of the complaining owner is physically taken for or in making the proposed public improvement, and the damages claimed to result are therefore consequential only, [the] provision of the constitution does not require the ascertainment and payment of such damages as a condition precedent to the exercise of the right or power."

Cases relied upon by plaintiff when analyzed do not detract from the force of the announcements of the Supreme Court we have mentioned. Thus, People v. Kelly, 361 Ill. 54, 196 N.E. 795 was a suit to obtain a writ of mandamus to compel payment of a judgment. Moore v. Gar Creek Drainage District, 266 Ill. 399, 107 N.E. 642, merely held that a license obtained from the highway commissioners to build a sewer across a road was ineffective in view of the fact that the commissioners had no power to grant such a license to third parties. People v. McRoberts, 62 Ill. 38, was another suit for a writ of mandamus. Roe v. County of Cook, 358 Ill. 568, 193 N.E. 472, was an action to recover damages, not to enjoin. In Barrington Hills Country Club v. Barrington, 357 Ill. 11, 191 N.E. 239, plaintiff invoked the power of equity to enjoin a nuisance. In Springer v. City of Chicago, 308 Ill. 356, 139 N.E. 414, private property was taken in an illegal manner. Davis v. City of Chicago, 333 Ill. 422, 164 N.E. 673, merely decided that an injunction should issue to restrain the city from completing an improvement until objections to the improvement filed by a property owner in the county court had been finally determined.

Three cases, Noorman v. Department of Public Works, 366 Ill. 216, 8 N.E.2d 637; People v. Kingery, 369 Ill. 289, 16 N.E.2d 761; People ex rel. O'Meara v. Smith, 374 Ill. 286, 29 N.E.2d 274, involved improvements to be made by the state through its Department of Public Works. Section 26 of Article IV of the Constitution forbids suits against the state. The remedy of suit for damages not being available in such case, the court held that it may, in a proper case, entertain an application for injunction, or for a writ of mandamus against proper parties. It is only because of immunity of the state from suits that the court granted an extraordinary remedy in the three cases cited. See also Posinski et al. v. C., M., St. P. & P. R. R. Co. et al., Ill., 33 N.E.2d 869.

Plaintiff relies also upon Carter v. City of Chicago, 57 Ill. 283. Obviously, if that decision is at odds with later announcements in the same jurisdiction, the latter must control. It is apparent, however, that the facts there were such as, in the words of the court, to constitute "a public nuisance." The jurisdiction of equity to abate a nuisance is well recognized.

■ The fact that the contemplated improvement proposed to narrow the sidewalk does not relieve plaintiff from the effect of the conclusions stated. The title to the walk is vested in the city in trust for the public and, by virtue of the City and Village Act, Smith-Hurd Stats. Ill. c. 24, § 1 et seq., its use, as a part of the street, is under the sole supervision and domain of the city council. Chicago Cold Storage Warehouse Co. v. People ex rel. Stirling et al., 224 Ill. 287, 79 N.E. 692; King v. Swanson, 216 Ill.App. 294. Consequently an abutting owner can have no vested right to have continued maintenance of the sidewalk at any one specified width. If public necessity requires that a greater portion of the street be given over to vehicular travel and a lesser to pedestrians it is no affair of plaintiff but rather the exercise of the municipality's discretion in determination of the proper use of its streets.

■ Nor does the fact that plaintiff may have paid special assessments for the building of the sidewalk add to his rights. Thus, in Chicago v. Union Building Ass'n, 102 Ill. 379, 40 Am.Rep. 598, the court said: "No case is referred to where it has been

held that the payment of a special assessment gave the party paying, a special property right in the street. If such a right were once recognized, it is impossible to perceive why the principle would not recognize in every tax-payer a special property in the streets to the extent of the amount paid for opening or improving them, and thus, in effect, hold that the streets are the private property of those from whom the money was obtained which was paid out for their opening and improvement. Money raised by special assessment, as well as by taxation, becomes the property of the municipality in trust for the use for which it is raised, and all private ownership in it ceases the moment it goes into the hands of the proper officer."

It is said that the ordinance is invalid because in conflict with another adopted nine years earlier, providing for widening the entire street. If the two are so inconsistent that the provisions of both cannot reasonably be construed to be in effect at the same time, the later repeals the earlier to the extent of such inconsistency, even in the absence of a repealing clause. Cook & Rathborne Co. v. Sanitary District, 177 Ill. 599, 52 N.E. 870; City of Metropolis v. Gibbons, 334 Ill. 431, 166 N.E. 115.

The District Court's decision was right. The judgment is affirmed.