(No. 30880.—)

BETTY STODDARD HORN *et al.,* Appellants, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed May 19, 1949—Rehearing denied September 20, 1949.*

SLADKEY, LANHAM, OLDS & SWANSTROM, of Chicago, (JEROME J. SLADKEY, and GEORGE P. NOVAK, of counsel,) for appellants.

BENJAMIN S. ADAMOWSKI, Corporation Counsel, (L. LOUIS KARTON, and ARTHUR MAGID, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This suit was filed by plaintiffs, appellants here, in the circuit court of Cook County to recover damages arising out of the construction of the Wabash Avenue viaduct in the city of Chicago. The complaint, as amended, charged injury to plaintiffs' abutting property and it was contended that the construction of said improvement constituted the taking and damaging of their property without payment of just compensation, and without due process of law, contrary to the provisions of both Federal and State constitutions. Defendant filed a motion to dismiss and urged in bar of the action that it did not accrue to plaintiffs within the time limited by law to institute the proceedings, and the motion was supported by affidavit to that effect. The motion was allowed and the cause dismissed from which an appeal was taken to this court.

Appellants' property is located at the northeast corner of East Illinois Street and North Wabash Avenue, in Chicago, and has a frontage of 100 feet on Illinois Street on the south, 100 feet on Wabash Avenue on the west and 100 feet on an alley on the north. Illinois Street is the third street north of the bridge and the first street south of Grand Avenue, where the approach to the bridge begins. The damage to appellants' real estate, as claimed, was brought about by the construction of the north viaduct on approach to the bridge over the Chicago river at Wabash Avenue in the city of Chicago.

The amended complaint alleged, in substance, that appellants' property was improved with six two-story brick residences, fronting on Wabash Avenue and abutting on private property in the rear; that said buildings were built and adapted to the then established grades of the said streets and alleys; that prior to the construction of the Wabash Avenue bridge and viaduct there was convenient and easy access to appellants' property and that the same was indispensible to the use and occupancy thereof. The amended complaint also alleged that appellants owned the title, in fee, to the streets and alley adjoining their property to the center of the highway, subject only to an easement in the city of Chicago for surface highway purposes; that in building the Wabash Avenue bridge and the north approach thereto, the city changed the grade of the streets, sidewalks and alley adjacent to appellants' property and constructed a retaining wall along Illinois Street and Wabash Avenue, separating appellants' property from the sidewalk space adjoining their property; that such construction interfered with and destroyed appellants' easements of light and air, and of ingress and egress to and from the premises in question; and that appellants were thereby deprived of their property without just compensation.

The city filed a motion to dismiss on the ground that the action was barred by the Statute of Limitations. Affi-

davits in support of the motion were filed, stating that the construction of the bridge and viaduct was completed and the streets were opened to public traffic more than five years prior to the commencement of the present action. Appellants, in their objection filed to the motion to dismiss contended (1) that no Statute of Limitations can run against the cause of action here sued on, since the same arises under the constitutional provision that private property shall not be taken or damaged for public use without just compensation, and any statute restricting the time to file suit under this constitutional provision would be invalid; (2) that section 2 of the Eminent Domain Act, providing that no private property shall be taken or damaged for public use until an attempt has been made by the body authorized to condemn, to agree upon damages, places the burden of ascertaining damages upon the condemner and no Statute of Limitations could run until this was done; (3) that depriving appellants of their easements of light air, view, accessibility, etc., constituted the taking of property or the taking of a vested property right, and any Statute of Limitations taking away this property or property rights deprives appellants of their property without due process of law and just compensation, and violates section 2 of article II and section 13 of article II of the Illinois constitution, and section 1 of the fourteenth amendment to the Federal constitution; (4) that the city, not having complied with the constitutional and statutory provisions requiring it to initiate proceedings, is estopped to invoke any Statute of Limitations claimed to be applicable; (5) that if there is any limitation upon appellants in bringing their action, it would be only after the expiration of twenty years from the completion of the improvement under the principle and theory of adverse possession and by prescription; (6) that if any statute of limitations is applicable, then it is the ten-year statute provided for in section 17 of the Limitations Act, as the constitution is a

writing which would bring the cause of action under that section.

The court's order in dismissing plaintiffs' suit on the city's motion is based upon findings that there had been no physical taking of any of appellants' tangible property for any public use, that the action was barred by the provisions of section 15 of the Limitations Act because not brought within five years after the completion of the improvement in question, and that the application of section 15 of the Limitations Act (Ill. Rev. Stat. 1947, chap. 83, par. 16,) does not violate the provisions of section 13 of article II of the State constitution, providing that private property shall not be taken or damaged for public use without the payment of just compensation, and does not deprive appellants of due process of law, as guaranteed by section 2 of article II of the State constitution and the first section of the fourteenth amendment to the Federal constitution.

The contentions which appellants make in this court are the same as those made in their objections to the motion to dismiss, and present the question whether appellants' asserted right to compensation for damages to their property is barred by the five-year Statute of Limitations.

It is established by the pleadings that appellants, as abutting owners, are seized of title and fee to the center of the street, that the city had legal authority to make the improvement in the street, that it was properly made in pursuance of such authority, and that it is a permanent structure, the existence of which is necessarily injurious to appellants' property. Appellants do not allege that there has been any negligence or unlawful acts on the part of the city in the construction of the improvement, or that as a result of its construction there has been any physical invasion of their tangible property adjacent to the street, but they allege an injury to such property from the destruction of its appurtenant easements of light and air, and of

ingress and egress. They also allege an injury occasioned by the filling in of subsidewalk space, which injuries, they claim, constitute a taking of their property for public use.

The test applied by this court and also by the Federal court, in determining whether real estate has been taken for public use within the meaning of our constitution, is whether there has been an actual physical invasion of the tangible property. (*People ex rel. Pratt* v. *Rosenfield,* 399 Ill. 247; *Kane* v. *City of Chicago,* 392 Ill. 172; *People ex rel. Tyson* v. *Kelly,* 379 Ill. 297; *Cuneo* v. *City of Chicago,* 379 Ill. 488; *Barnard* v. *City of Chicago,* 270 Ill. 27; *Otis Elevator Co.* v. *City of Chicago,* 263 Ill. 419; *Schroeder* v. *City of Joliet,* 189 Ill. 48; *Northern Transportation Co.* v. *City of Chicago,* 99 U.S. 635.) As pointed out in these cases, even though there has been no attempt by the sovereign authority to appropriate and use the real estate for public purposes, nevertheless, if, as a necessary result of the construction, maintenance or operation of a public improvement, the real estate is physically invaded by superinduced additions of water, earth, sand or other materials, so as to effectually destroy or impair its usefulness, it is a taking within the meaning of the constitution.

Before the adoption of our present constitution a landowner could have no relief for damages occasioned by the construction or maintenance of a public improvement in a proper manner under lawful authority, although his property was thereby rendered practically valueless, unless there had been an actual physical invasion of the land itself. Thus, a property owner was guaranteed compensation for any deprivation of *res,* but not of *jus.* This situation continued until 1870, when the framers of our present constitution added the provision that private property should not be damaged for public use without just compensation. It is under this last constitutional provision, and none other, that a landowner may claim compensation for the destruction or disturbance of easements of light and air, and of

accessibility, or of such other intangible rights as he enjoys in connection with, and as incidental to, the ownership of the land itself.

Appellants contend that inasmuch as they own the fee to the center of the street, consequently the filling in of the sidewalk space in the streets adjacent to their property amounted to a taking of their private property for public use. It is admitted that appellants' ownership of the fee is subject to an easement in favor of the public for street purposes. The easement for a street includes such use of the land at or beneath the surface as will make the easement effective, and for that purpose the public authorities may change the grade of the street and the owner of the fee has no right to interfere. (*City of Dixon* v. *Sinow & Weinman,* 350 Ill. 634.) Where the owners of abutting lots own the fee in the street the city may use such streets, including the sidewalk space, for all purposes to which a street may be put without the consent of the abutting owners. (*Tacoma Safety Deposit Co.* v. *City of Chicago,* 247 Ill. 192.) The title of the abutting owner to the center of the street is a present subsisting ownership of the fee which he may subject to any private use he sees fit so long as it does not interfere with public travel. (*Davis* v. *City of Chicago,* 333 Ill. 422.) The owner of the fee, whether it be the city or the abutting owner, may use the sidewalk space for any private purpose and in any manner such owner may desire, provided such space is not required to advance the effectiveness of the public easement. (*Tacoma Safety Deposit Co.* v. *City of Chicago,* 247 Ill. 192.) The appropriation of sidewalk space in the construction of a street improvement does not impose additional servitude on the fee and does not amount to a taking of the fee owner's property. It is not a subjection of the fee to a new and additional burden or easement, but is merely the exercise or continuation of the burden or easement to which it was already subject. Hence, such an appropriation of sidewalk

space does not come within the constitutional prohibition that private property shall not be taken or damaged for public use without just compensation.

Appellants cite the case of *Davis* v. *City of Chicago*, 333 Ill. 422, and *Pennsylvania Coal Co.* v. *Mahon*, 260 U.S. 393, 43 S. Ct. 158, in support of the theory that the destruction of their sidewalk space constituted a taking of their property. The *Davis case* was an injunction suit by a property owner, who owned the fee in the adjacent street, to restrain the city from ejecting him from his occupancy and use of the sidewalk space and appropriate such space for the construction of a local improvement under the authority of special assessment proceedings which the city had instituted in the county court. This court held that the property owner was entitled to an injunction during the pendency of the appeal which he had taken from the judgment of the county court in the special assessment proceedings. The holding was based upon the fact that the same questions were involved in the pending appeal as in the injunction suit. It is apparent that this case can have no application to the question at issue here. The *Pennsylvania case* held that a statute forbidding the mining of coal in such a way as to cause subsidence of any structure used for human habitation could not be enforced where to do so would destroy previously existing rights of property and contract. This decision, also, could have no application to the case at bar.

We have repeatedly held that an abutting property owner is not entitled to have condemnation proceedings instituted to determine damages to his property occasioned by a public improvement where no part of his property is physically taken and that the city or other authorized sovereign constructing such improvement is not required, under the constitution or the Eminent Domain Act or any other law or statute, to institute condemnation or other proceedings to ascertain such damages. (*People ex rel. Pratt* v.

*Rosenfield,* 399 Ill. 247; *People ex rel. Tyson* v. *Kelly,* 379 Ill. 297; *County of Mercer* v. *Wolff,* 237 Ill. 74.) Cases relied on by appellants do not support their contention that it was the duty of the city to initiate proceedings to determine their damage. *City of Elgin* v. *Eaton,* 83 Ill. 535, was a case arising before the passage of our present Eminent Domain Act and at a time when the Eminent Domain statute then in effect made it the duty of the city to have damages ascertained.

Appellant cites the case of *Bradbury* v. *Vandalia Levee and Drainage Dist.* 236 Ill. 36, and quotes from this case at page 44, "If a drainage district actually takes land, compensation must be made before the land is appropriated, and if the district concedes that damage will result to lands such damages may be assessed under the law of eminent domain; but if the district does not concede, in the first instance, that damage will result, an action on the case is an appropriate remedy to determine the question whether lands will be damaged and to recover the damages." We are not of the opinion that this court intended, by the use of the above-quoted language, to hold that a district was obligated or required to ascertain consequential damages. This would appear from the use of the word "must" in regard to compensation for land actually taken and the use of the word "may" in reference to damages. This conclusion is also strengthened by the fact that in the later case of *Bay Bottoms Drainage Dist.* v. *Cache River Drainage Dist.* 295 Ill. 301, after quoting with approval the above language in the *Bradbury case,* immediately followed the same with the statement, "Where no part of the premises of complainant is sought to be taken and no direct physical damage to his property is contemplated and the damages to be sustained, if any, are entirely consequential, the complainant is not entitled to have the damages ascertained under the Eminent Domain Act but he is remitted to his action at law."

The case of *Moore* v. *Gar Creek Drainage Dist.* 266 Ill. 399, cited by appellants, held only that a grant obtained from the highway commissioner for a right of way to lay the tile in a public highway for the benefit of a drainage district was ineffective in view of the fact that the commissioners had no authority to grant such right of way or permit the use of the street for other than highway purposes.

The case of *Dick & Bros. Quincy Brewing Co.* v. *City of Quincy,* 335 Ill. 368, held that as section 13 of the Local Improvement Act expressly provided that when private property was to be taken or damaged, the city should designate some officer to file a petition in some court of record in the county in the name of the municipality praying that steps be taken to determine the amount of such compensation. Therefore, an owner of the property which had been assessed for benefits in a proceeding under the Local Improvement Act was not estopped from subsequently suing for damages to his property by his failure to file objections to his assessment, or a cross petition claiming damages in the special assessment proceeding. Section 13 of the Local Improvement Act then applied, as it does now, (Ill. Rev. Stat. 1947, chap. 24, par. 84-13,) only to local improvements to be paid for wholly or in part by special assessment or by special taxation. It does not appear from the pleading or the record in the instant case that the public improvement here in question was constructed under the provisions of the Local Improvement Act, or that it was to be or was paid for, wholly or in part, by special assessment or by special taxation. This decision is, therefore, insufficient to warrant this court in holding that it was the duty of the city in connection with its construction of the Wabash Avenue bridge and approaches thereto to ascertain damages to the property of appellants. Three cases cited by appellants, *People ex rel. Markgraff* v. *Rosenfield,* 383 Ill. 468, *People ex rel. First Nat. Bank* v. *Kingery,* 369 Ill. 289, and *People ex rel. O'Meara* v. *Smith,* 374 Ill. 286, were cases

where a *mandamus* was awarded in favor of a property owner to compel the institution of eminent domain proceedings. The relator in the first of these cases was the owner of land over which a State highway had been constructed and for that reason was entitled to the writ. In the other two cases the writ was allowed because a suit for damages could not be maintained against the director of the Department of Public Works and Buildings and there was no other party against whom damages could be recovered. These cases are not authority for the rule contended for and are without application to the instant case.

This court has held in a number of cases that eminent domain proceedings are not required to ascertain consequential damages. (*People ex rel. Pratt* v. *Rosenfield,* 399 Ill. 247; *County of Mercer* v. *Wolff,* 237 Ill. 74.) We have also settled the proposition that a property owner suffering such damages is deprived of no constitutional right in being remitted to an action at law for the recovery of his damage. *People ex rel. Pratt* v. *Rosenfield,* 399 Ill. 247; *Illinois Power and Light Corp.* v. *Peterson,* 322 Ill. 342.

It is contended by appellants that, as the right of action arises under the constitutional provision that private property shall not be damaged for public use without just compensation, no statute of limitation can run against it. They insist this constitutional guarantee would be rendered nugatory by legislative enactment and the property rights secured thereby would be dependent upon the mere will of the General Assembly. We do not find any support in this respect from the many cases which diligent counsel have cited in support thereof, either expressly or by inference or implication. We hardly think it reasonable that the framers of our constitution intended that one given a right of action for damages under the constitutional provision might delay his suit for many years when evidence, formerly within his power to produce, concerning the existence, cause and extent of the alleged damage, may have become lost, destroyed

560

or otherwise beyond the defendant's power or control. The purpose of a statute of limitation is to require any necessary litigation to be brought within such time as the particular facts and circumstances may be proved with the utmost certainty and before adequate proof has become stale or entirely lost. (*Leitch* v. *New York Central Railroad Co.* 388 Ill. 236.) The legislature may, without violating constitutional guaranties, enact statutes which limit the time within which actions may be brought to enforce demands where there was previously no period of limitation, or which limit, change, and vary existing rules as to limitation of actions, either by shortening or extending the time within which the cause of action may be asserted. (34 Am. Jur. 27, par. 18.) Even a substantive right created by a State constitution is governed and controlled in its enforcement and administration by regulatory and procedural legislation enacted by the General Assembly, which legislative enactments may include a limitation as to the period within which action may be taken to enforce the substantive right. (*State ex rel. Hammond* v. *Industrial Com.* 144 Ohio State 477, 59 N.E. 2d 745; *Burrill* v. *Locomobile Co.* 258 U.S. 34, 42 S. Ct. 256.) We think it clear that the framers of the constitution did not intend that the rights given to damaged property owners under section 13 of article II should have unlimited time for their enforcement.

We do not think it necessary to burden this opinion further with an analysis of the alternative contention that, by analogy to the statute permitting actions for the recovery of real estate to be brought at any time before there had been twenty years' adverse possession, the cause of action here may be brought at any time within twenty years from the date it accrued, since, as hereinabove pointed out, appellants' property has not been taken by the city. Neither are we of the opinion that appellants' case is aided by section 16 of the Limitations Act, which pertains to "written contracts."

We are of the opinion, from an analysis of the many cases, that a cause of action such as appellants have sued on here, must be commenced under section 15 of the Limitations Act, (Ill. Rev. Stat. 1947, chap. 83, par. 16,) providing that actions to recover damages for any injury done to real property shall be commenced within five years next after the cause of action accrues, and that this violates no constitutional right and harmonizes with recognized principles of law.

In accordance with the views herein expressed, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*